G. R. KEESEE, USE OF BOWDRE BROS. & CO., *v.* ARCHIE SLOAN.

SALE OF LAND. *Rents. Right of purchaser. Previous assignment.*

The purchaser of land at partition sale is entitled to the rent falling due after his purchase, if not expressly reserved, and may distrain therefor, notwithstanding a rent note, previously given therefor, had been assigned by the landlord to another, who contests the purchaser's right to such rent. See *Watkins* v. *Duvall, ante,* 364.

FROM the circuit court of DeSoto county.
HON. JAMES T. FANT, Judge.

Replevin for certain property distrained for rent. The cause was tried by the court, without a jury, upon an agreed statement of the facts, which was substantially as follows:

G. R. Keesee and wife filed a bill, in January, 1891, seeking partition of certain land in which they had an undivided two-thirds interest, the remaining one-third interest being owned by a minor. In February following, Keesee rented a portion of the land to Archie Sloan for the year 1891, and took his rent note for the agreed rent, to be paid November 1, 1891. On the same day a decree was entered for a sale of the land for partition. The rent note was assigned, in writing, by Keesee, February 10, 1891, to Bowdre Bros. & Co., as collateral security for a debt due them. The land was sold under the decree, in March, 1891, and purchased by one Dockery. The latter had been told by Keesee that if he bought the land he would get the rents, and the commissioners gave the same notice at the sale, but the chancery proceedings were silent as to the rent. The sale was confirmed in August following.

Sloan, after notice that Bowdre Bros. & Co. held his rent note, paid the same to Dockery, who agreed to protect him in so doing. Afterwards, Bowdre Bros. & Co., their debt not being paid, sued out an attachment for rent, in the name of Keesee for their use, and caused the property of Sloan to

69 MISS.—24

be distrained. Sloan replevied, and denied that he owed Bowdre Bros. & Co., because he had attorned to Dockery, the purchaser of the land. The issue thus made up was submitted to the court, and judgment rendered for the tenant, the plaintiff in replevin.

*St. John Waddell,* for appellant.

While the general rule is that rent follows the reversion, I know of no cases in which this court has decided that the purchaser of land takes the rent as against the assignee of the rent. It is held that the landlord's lien passes by assignment of the lease and rent. *Taylor* v. *Nelson,* 54 Miss., 524; *McRovie* v. *White,* 52 *Ib.,* 406. The purchaser takes only the interest of the owners, and therefore cannot claim rent previously assigned. ' *Ellis* v. *Foster,* 7 Heisk. (Tenn.), 131.

*McKenzie & Wall,* for appellee.

It is settled that the rent not due is an incident of the reversion. *Wolfe* v. *Johnson,* 30 Miss., 513; *Butt* v. *Ellett,* 19 Wall., 544; 52 Miss., 662; Taylor, L. & T., §§ 442–447.

CAMPBELL, C. J., delivered the opinion of the court.

The purchaser was entitled to the rent of the land purchased, which became due after his purchase, and the fact that the claim for rent had been transferred did not defeat his right. 12 Am. & Eng. Enc. L., 1035; *Martin* v. *Martin,* 7 Md., 368; *Sampson* v. *Grimes,* 7 Blackf., 176; *Westmoreland* v. *Foster,* 60 Ala., 448; *English* v. *Key,* 39 *Ib.,* 113; *Stout* v. *Kean,* 3 Harr. (Del.), 82; *Wilson* v. *Delaplaine,* 3 *Ib.,* 499.

*Affirmed.*