GEORGE W. HAMMOND, trustee, *vs.* P. M. THOMPSON.

Suffolk.   December 11, 1896. — June 1, 1897.

Present: FIELD, C. J., ALLEN, KNOWLTON, MORTON, & LATHROP, JJ.

*Termination of Tenancy at Will by Conveyance of Landlord — Rent.*

At the trial of an action for rent, it appeared that the defendant was a tenant at will of the plaintiff, at a certain monthly rental, "payable after the termination of each month of the tenancy"; that the agreement was made on September 15, 1894, and by its terms the defendant forthwith entered upon his tenancy; that on October 14, 1895, at 2.30 P. M., the plaintiff conveyed the premises to a third person, with an understanding between them, unknown to the defendant, that he should occupy until he should receive one month's notice to quit, and that he remained in possession during the month for which the action was brought. *Held,* that the conveyance by the plaintiff terminated the tenancy at will, and that the action could not be maintained.

CONTRACT, for rent.   The case was submitted to the Superior Court, and, after judgment for the plaintiff, to this court, on appeal, upon agreed facts, the nature of which appears in the opinion.

*H. Dunham,* for the defendant.

*E. F. McClennen,* for the plaintiff.

LATHROP, J.    The defendant was a tenant at will of the plaintiff, at a monthly rental of $35, " payable after the termination of each month of the tenancy."    The agreement was made on September 15, 1894, and by its terms the defendant forthwith entered upon his tenancy.    On October 14, 1895, at half past two o'clock in the afternoon, the plaintiff conveyed the premises to a third person, with the understanding between them, which was however unknown to the defendant, that the defendant should be permitted to occupy until he should receive one month's notice to quit; and in fact he remained in possession during the month for which this action is brought.    The only question is whether the conveyance by the landlord terminated the tenancy at will.

This question is to be determined by the principles of the common law, for the provisions of the Pub. Sts. c. 121, §§ 8, 9, are not applicable.

The general rule on this subject in this Commonwealth is that the rent for a period of time is an indivisible item, and if the lessor or landlord conveys the premises before the rent accrues, he cannot recover what otherwise he would be entitled to.    This rule applies, although there has been no eviction by the holder of the new title, or an attornment to him.    *Fuller* v. *Swett,* 6 Allen, 219, n.    *O'Brien* v. *Ball,* 119 Mass. 28.    *Dexter* v. *Phillips,* 121 Mass. 178, 180.    *Emmes* v. *Feeley,* 132 Mass. 346.    See also *Robinson* v. *Deering,* 56 Maine, 357 ; *Cameron* v. *Little,* 62 Maine, 550.

The plaintiff contends that the last day of the monthly term, namely, October 14, was the day on which the rent accrued, although not payable until the next day ; that in law there are no fractions of a day ; and that therefore the defendant is liable.

We have no doubt of the correctness of the first proposition. 3 Dyer, 345 *a.*    *Regina* v. *St. Mary, Warwick,* 1 El. & Bl. 816. *Sidebotham* v. *Holland,* [1895] 1 Q. B. 378.    *Bay State Bank* v. *Kiley,* 14 Gray, 492.    *Fox* v. *Nathans,* 32 Conn. 348.    *Petsch* v. *Biggs,* 31 Minn. 392.

While there is a general rule that the law does not regard the

fractions of a day, yet, when it is important for the rights of the parties to determine which of two events happening on the same day is to have priority over the other, the law does not hesitate to pass upon the question. *Bigelow* v. *Willson*, 1 Pick. 485, 495. *Golden* v. *Blaskopf*, 126 Mass. 523, 525.

As the law formerly stood, rent was payable at such a convenient time before sunset on the day it fell due as would be sufficient to have the money counted. Gilbert, Rents, 91. Swanston's note to *Ex parte Smyth*, 1 Swanst. 337, 343. While this was the rule of law, several cases came before the courts where the lessor died on the last day of the term, and the question was whether the rent should be paid to the heir or remainderman on the one hand, or to the personal representatives of the deceased on the other. These cases are collected in Mr. Swanston's note; and it appears that the court took notice of fractions of a day.

In *Smith* v. *Shepard*, 15 Pick. 147, a mortgagor in possession leased the premises, the lessee covenanting to pay rent in advance quarterly. On a day when rent was due the mortgagee entered for a breach of condition in the mortgage, and threatened to expel the lessee unless he would agree to pay rent to him. The lessee paid the rent to the mortgagee. The mortgagor thereupon sued the lessee for the rent, and what was done was held to be an eviction, and a good defence to the action. Chief Justice Shaw said : " As to the quarter's rent due by covenant in advance, the defendant had the whole day to make the payment in advance. But during the day, the mortgagee entered and ousted him, and this was a good excuse." See also *Welch* v. *Adams*, 1 Met. 494. If rent in such a case had accrued and was payable before the entry, although not paid, the mortgagee would not be entitled to it. *Massachusetts Hospital Life Ins. Co.* v. *Wilson*, 10 Met. 126. But where no rent has become payable at the time of the entry, and the lessee has attorned to the mortgagee, the lessor cannot maintain an action against the lessee upon a *quantum meruit*, for use and occupation before the entry.

In the case at bar, the defendant's rights cannot be any greater than if the rent had been payable on October 14. In that case he would have had until midnight to pay the rent. Be-

fore the rent was demandable, the plaintiff conveyed the premises, and thus put an end to the tenancy; and we see no ground upon which he is entitled to recover.

*Judgment for the defendant.*