### Hermann Siemers v. L. Hunt et al.

Decided November 20, 1901; January 15, 1902.

**1.—Vendor in Possession—Accounting for Profits.**

A vendor retaining possession while the purchase money remains unpaid, upon payment by the vendee of the purchase price with interest, becomes liable to account to the latter for the profits of the estate from the date of the deed till the delivery of possession.

**2.—Same—Measure of Liability.**

The measure of liability on the part of the vendor in possession, like that of a mortgagee, is not the rental value of the property while retained in his possession, but he is held to ordinary diligence to obtain rents and profits, being entitled to no compensation for management, but allowed for reasonable expenses in marketing the products, and liable only to the extent that profits were received.

**3.—Fixtures—Overground Cistern.**

Evidence considered and held to support a finding that a galvanized iron cistern, above ground, was a fixture in passing sale of the land.

Appeal from the County Court of McLennan. Tried below before Hon. G. B. Gerald.

This case arose out of a controversy between the vendor and vendee about an alleged deficiency in the quantity of land sold, in which a deed was tendered into court by the vendor and performance by the vendee enforced by the judgment in case of Hunt v. Siemers, 53 Southwestern Reporter, 387.

*Richard I. Munroe,* for appellant.

*Lindsey & Smith,* for appellees.

FISHER, Chief Justice.—This is an action by the appellees against appellant to recover the rental value of certain premises occupied by appellant during the year 1899, and the value of a cistern removed from the premises and converted by appellant.

We are of opinion that the facts are sufficient to authorize a judgment against appellant for both the amount of rent and the value of the cistern. The appellees' right to the property would relate back to the of the deed executed to them by appellant, and when they paid the amount of purchase money with interest according to the decree of court, the appellant became responsible for the rental value of the premises from the time that he parted with the title, which the law would fix at the date of the deed. Having received interest upon the purchase price, he became chargeable with the rental value of the property during the time that he thereafter held possession of it.

There is evidence which tends to show that the cistern was so attached to the soil as to make it part of the realty; and the law concerning this issue having been properptly submitted to the jury, we can not say that their verdict is without evidence to support it.

We have examined all the assignments of errors and conclude that none are well taken. Therefore the judgment is affirmed.

*Affirmed.*

### OPINION ON REHEARING.

The liability of a vendor, to account for the rents and profits, who remains in possession after the execution of the deed conveying the land, and thereafter receives the purchase price with interest, is similar to that of a mortgagee rightfully in possession whose debt, with interest, is subsequently paid. 2 Suth. on Dam., 241. In the latter class of cases the mortgagee must exercise ordinary diligence to preserve the premises, and must exercise a like care in obtaining such rents and profits as may arise from a use of the premises to the purposes to which it is adapted. 15 Am. and Eng. Enc. of Law, 1 ed., 821; 2 Jones on Mort., secs. 1116 to 1125. If such diligence has been exercised and the mortgagee keeps correct account of the amounts received, his liability to account extends only to the rents and profits actually received, and not for what would be the reasonable rental value of the premises. Authorities supra. The mortgagee could not recover compensation for his personal services in managing the property, but would be entitled to the reasonable expenses of marketing the products produced upon the premises. The principles outlined as applicable in actions for an accounting between mortgagor and mortgagee, by analogy, apply in a case like the present, where the vendee seeks to hold the vendor in possession liable for the use of the premises. In this case the vendor executed a deed of conveyance to the vendee, which was not delivered until the purchase money was paid, and remained in possession until the vendee paid the purchase money with interest. During this time, a crop was raised upon the premises, which was, after allowing the tenant of the vendor his share, appropriated by the latter.

In the original opinion handed down in this case we held the vendor liable for the reasonable rental value of the premises. To this extent

we erred, and are now of the opinion that the liability of the vendor should be determined by the rules announced in this opinion, and for this purpose, the judgment will be reversed.

We can not agree with the contention of appellant, who is the vendor, that in no event, under the facts of this case, can he be held liable. The point is urged that as the vendee declined to accept the deed and pay the purchase money when it became due, the vendor was entitled to the fruits and revenues thereafter arising from the use of the premises while the same was in his possession. We correctly held in the former opinion, to which conclusion we adhere, that as the vendor thereafter accepted the entire purchase price with interest due from the date of the deed, he must account to the vendee for the profits received. This upon the theory that upon the payment of purchase money and interest the title of the vendee would relate back to the date of the execution of the conveyance, and the vendor having received all of the interest to that date, it would be inequitable to permit him also to retain the profits arising from the use of the premises.

We are also of the opinion that the evidence was sufficient to authorize the submission of the question to the jury whether or not the cistern was a fixture.

For the error indicated, the motion for rehearing is granted, and the entire judgment below reversed and the cause remanded.

*Motion granted. Reversed and remanded.*

The conclusions reached are the views of Associate Justice Key and the writer of the opinion.

Fisher, C. J.