GEORGE ALLEN ET AL. V. JOHN H. HALL.

FILED OCTOBER 22, 1902. No. 11,248.

Commissioner's opinion, Department No. 2.

1. **Landlord and Tenant.** A tenant can not dispute his landlord's title, but in an action by a lessor to recover rent, the lessee may show that the lessor has sold and conveyed the premises to another by a deed of general warranty, without reserving the rent thereafter to become due.

2. **Sale of Real Estate:** RENT. One who has conveyed his land to a third person by deed, without reserving the rent to become due thereafter, can not recover such rent.

3. **Tenant:** ACTION BY LESSOR: TITLE PARAMOUNT: EVICTION: POSSESSION. A tenant under such circumstances may defend against an action by the lessor to recover such rent, without having

been evicted by title paramount, or disturbed in his possession during the term.

4. Conveyance by Lessor: PLEADINGS: RESERVATION OF RENT: ISSUE: JURY. The lessor, notwithstanding he has conveyed the land to a third person, may reserve the rent by separate written instrument or otherwise; and where that fact is put in issue by the pleadings, the evidence on both sides should be received, and the question submitted to the jury, under proper instructions.

ERROR from the district court for Scott's Bluff county. Tried below before GRIMES, J. Rehearing of case reported in 64 Nebr., 256. *Judgment below reversed.*

*T. M. Morrow,* for plaintiffs in error.

*F. A. Wright, contra.*

BARNES, C.

This case is before us on a rehearing. Our former opinion will be found in 64 Nebr., 256, and contains a full statement of the facts in controversy herein.

It will be observed that plaintiffs in error alleged in their answer that after they had leased the premises in question of the defendant in error he sold and conveyed the land to one William Effert by deed of general warranty, without any reservation of the rent, and it is claimed that thereby, as a matter of law, the right to recover for the rents due passed to the grantee in said deed, and plaintiff could not maintain the action to recover them. By the second subdivision of the syllabus and in our remarks in the opinion pertinent thereto, we held that plaintiffs in error, having failed by their answer to allege that they had been evicted by title paramount, or disturbed in their possession during the term, in view of the general doctrine that a tenant can not dispute his landlord's title (*Nissen v. Turner,* 50 Nebr., 272, and *Mosher v. Cole,* 50 Nebr., 636), they could not defend against the action on that ground. Plaintiffs in error in their brief, on motion for a rehearing, argued this ques-

tion fully for the first time, and upon a re-examination of the matter we are satisfied that we were mistaken upon that point. The great weight of authority is that rent is an incident to the reversion, and a deed without reservation invests the grantee with the right to recover it. The defense thus arising in favor of the lessee against an action by the lessor for rent, falling due after the assignment of the reversion, does not depend upon eviction or ouster by the assignee, but is complete without it. *English v. Key*, 39 Ala., 113; *Franklin v. Palmer*, 50 Ill., 202, 205; *Burden v. Thayer*, 3 Met. [Mass.], 76; *VanWicklen v. Paulson*, 14 Barb. [N. Y.], 654; *Demarest v. Willard*, 8 Cowan [N. Y.], 206; *Peck v. Northrop*, 17 Conn., 217.

The defendant in error, in his petition in the court below, alleged that he had reserved the rent by a separate written instrument, but offered no proof of that fact. The deed offered in evidence by the plaintiffs in error to establish their defense was excluded. The defendant in error should have been required to prove the reservation of the rent, and the mistake in the deed, if any there was; and the plaintiffs in error should have been allowed to controvert such evidence, if any, and the issue thus made should have been submitted to the jury upon proper instructions by the court. So much of our former opinion as is in conflict with this rule is hereby overruled. We are satisfied with the other points decided by us in this case, and adhere to them. We therefore recommend that the judgment of the district court be reversed, and the cause remanded for a new trial.

OLDHAM and POUND, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment heretofore entered in this cause by this court be, and the same hereby is, vacated; and it is further ordered that the judgment of the district court be, and the same hereby is, reversed and the cause remanded for further proceedings; and it is further ordered that because of the failure of the plain-

tiffs in error to properly present in their original brief the point herein decided, said plaintiffs in error shall pay all of the costs herein made since the filing of their application for rehearing.

JUDGMENT ACCORDINGLY.