TREMONT-WINDSOR HOTEL COMPANY v. WILLIAM GAMMON ET AL.

Decided November 23, 1905.

**1.—Rents Accruing in Future—Sale of Real Estate.**

Future accruing rents pass to the purchaser of leased real estate upon which the rents accrue when no reservation thereof is made in the deed of conveyance.

**2.—Same—Rents Already Accrued—When Due.**

Where hotel property was sold subject to a lease, the deed making no reservation as to rents, and the lease contract provided that the lessee should pay as rental 15 percent of the gross earnings of the hotel as they became due, such rental percent of the earnings up to the date of sale belonged to the grantor and did not pass by the deed, and the fact that the lease contract allowed the lessee ten days in which to collect the earnings and pay over the percent thereof did not affect the matter.

Appeal from the County Court of Galveston. Tried below before Hon. Lewis Fisher.

*S. S. Hanscomb,* for appellant.—The rents in suit had been already earned, were disconnected from the estate sold, were not transferred by the terms of the conveyance, and did not by implication pass thereunder to the grantee. 2 Jones, Law of Real Prop., secs. 1642, 1643, 1646; Security Mtg. & T. Co. v. Gill, 8 Texas Civ. App., 358, 27 S. W. Rep., 835; Willis v. Moore, 59 Texas, 629; Buckout v. Swift, 27 Calif., 433, 87 Am. Dec., 90; 18 Am. & Eng. Ency. of Law, 285, title, "Accrued Rents;" Johnson v. Smith, 3 Penrose & Watts, 496, 24 Am. Dec., 339; Burden v. Thayer, 3 Metc., 76, 37 Am. Dec., 117.

*Maco & Minor Stewart,* for appellees.—The $286.80 (fifteen percent) was not earned, and in arrears, and was not disconnected from the estate, but, on the contrary, it was not due and payable until after April 1, 1904, and same was connected with the estate, and was transferred by the conveyance from plaintiff to Gammon and Ewalt. A sale "subject to existing lease" carries to the grantee the right to rents. Biddle v. Hussman, 23 Mo., 597-602; Disselhorst v. Cadogan, 21 Ill. App.,

179. The owner of reversion is entitled to collect rents for entire term. Hearne v. Lewis, 78 Texas, 276; Porter v. Sweeney, 61 Texas, 216; Schultz v. Spreeain, 1 Texas App. Cases, secs. 917, 918; Schultz v. Spreeain, 2 Posey, 210; Faulkner v. Warren, 1 Texas App. Cases, p. 362; Metropolitan Land Co. v. Manning, 71 S. W. Rep., 698; Johnson v. Doss, 1 Texas App. Cases, p. 607; 6 Ballard's Real Prop., sec. 464; Hammond v. Thompson, 168 Mass., 531.

PLEASANTS, ASSOCIATE JUSTICE.—This suit was brought by the appellant against the appellees, William Gammon and George S. Ewalt, and against Fisher Sisters, a partnership company of Elizabeth Fisher, Frances E. Fisher, Louisa M. Fisher, Jane H. Fisher and Nancy A. Fisher, to recover the sum of $286.80.

The petition alleges, in substance, that the appellant corporation was, on March 31, 1902, the owner of the Tremont Hotel property, situate on lots 8 to 14, inclusive, in block 443, in the city of Galveston, together with all of the furniture and fixtures therein; that on said date it leased all of said property to Fisher Sisters for a term of five years for a rental of fifteen percent of the gross receipts derived from the operation of said hotel and its appurtenances, said fifteen percent to be paid monthly as the monthly receipts came in, and no part of such percent of the receipts or earnings for any month to remain unpaid longer than the 10th of the succeeding month; that on April 1, 1904, appellant sold and conveyed all of said property to William Gammon and George S. Ewalt, subject to said lease; that at the date of this sale there was due to Fisher Sisters the sum of $1,912.20, which had been earned by them in the operation of said hotel, but said amount was not collected until after said sale; that under the terms of said lease fifteen percent of said sum, which has been received by Fisher Sisters, amounting to the sum of $286.80, belongs to plaintiff, but that the defendants Gammon and Ewalt claim the same, and have so notified Fisher Sisters, who refuse to turn it over to plaintiff. The prayer is for judgment against all of the defendants for said sum.

Fisher Sisters answered, admitting the truth of the facts stated in the petition, and offering to pay the $286.80 to the plaintiff or to the defendants, Gammon and Ewalt, as the court might adjudge.

Defendants Gammon and Ewalt answered by general demurrer and general denial, and by special plea in which it is averred, in substance, that, under the terms of the lease set out in plaintiff's petition, the fifteen percent of the gross receipts for said property was not due at the time the property was sold to them, and that by reason of the fact that they were the owners of the property when said fifteen percent became due they were entitled to the same, and they prayed judgment therefor against plaintiff and their codefendants.

The trial in the court below was without a jury, and resulted in a judgment in favor of defendants Gammon and Ewalt, that plaintiff take nothing by its suit, and that said defendants recover against their codefendants, Fisher Sisters, the sum of $286.80. All costs were adjudged against plaintiff.

There is no controversy as to the facts, and the only question presented for our decision is whether, under the general rule that all fu-

ture accruing rents pass to the purchaser of the real estate upon which such rents accrue, when no reservation thereof is made in the deed of conveyance, the appellees were entitled to the $286.80 involved in this suit.

Insofar as it bears upon this question, the terms of the lease contract are as follows: "And the said parties of the second part, in consideration of the leasing of the premises aforesaid by the party of the first part to the said parties of the second part, does covenant and agree with the said party of the first part, his heirs, executors, administrators and assigns, to pay to the said party of the first part, as rent for said premises, furniture and fixtures, fifteen percent of the gross receipts of each and every part, and of each and every department of said hotel, including the barroom, kitchen, laundry and other privileges, together with each and every part of the hotel leased by the parties of the second part, it being the intent and meaning that said fifteen percent shall be estimated upon whatever moneys are earned or collected by the party of the second part from, by, or in connection with, the running and operating of said hotel, and each and every part thereof, or any business or privileges connected therewith; and all rents shall be due and payable as the receipts come into the hotel, and no part of them are to be in arrears beyond the tenth day of the next succeeding month, and before said day last mentioned a full statement of receipts shall be made and rendered to the party of the first part by the party of the second part, and all rentals paid for the past month. It is further agreed between the said parties that there may be selected a cashier, agent or bookkeeper, to be mutually agreed upon by them, who shall do the bookkeeping for all of the leased premises, retain and deposit in bank, to the credit of the party of the first part, the fifteen percent of rentals as cash comes in."

The evidence shows that the $1,912.20, fifteen percent of which was due by Fisher Sisters as rent, was not collected by them until after April 1, 1904, but that it was due on said date as earnings or proceeds derived from the operation of the hotel during the month of March, 1904. The deed from appellant to appellees recites that the conveyance is made subject to the lease to Fisher Sisters, and it and the original lease was delivered to appellees on April 1, 1904, when the sale was consummated. This deed contains no reservation of any kind, but conveys all of the property, including the furniture and fixtures, "together with all of the rights and appurtenances thereto belonging." Nothing was said by the parties at the time the deed was delivered as to the fifteen percent of the money then due Fisher Sisters as earnings of the hotel for the previous month. It was agreed, however, that the taxes for the year 1904 should be proportioned between the parties on the basis of the time that each held the property during said year, and it was also agreed that the rent for the barber shop for the month beginning March 15, 1904, which had been collected by Fisher Sisters, should be equally divided.

We do not think the general rule above stated should be applied to the facts of this case. Under the terms of the lease contract the appellant became the owner and entitled to receive fifteen percent of the gross earnings of the hotel as soon as such earnings became due, and the

undisputed facts show that these earnings were due at the time the sale was made to appellees. The fact that Fisher Sisters were allowed ten days in which to collect the amounts due the hotel and turn over appellant's portion thereof does not, we think, affect the question as to when same was due.

The provision in the lease making the cashier of the hotel the agent of appellant, and requiring him to deposit appellant's proportion of the earnings in bank to its credit, clearly establishes appellant's ownership of fifteen percent of the gross earnings due the hotel at the time the sale was made. Under this view of the facts, the general rule that an apportionment of unaccrued rents of real property will not be made between a vendor and his vendee when the deed contains no provision therefor, can have no application.

Fisher Sisters had, by the operation of the hotel, earned the amount involved in this suit, and it was due them at the time the sale was made, and was, therefore, no longer so attached to the land that appellant's interest therein would pass by its deed. We think the judgment of the court below should be reversed and judgment here rendered in favor of appellant, and it has been so ordered.

*Reversed and rendered.*