WILLIAM SCOTT V. W. E. STONE *et ux.*

No. 14,386.   (84 Pac. 117.)

SYLLABUS BY THE COURT.

1. PRACTICE, SUPREME COURT—*New Trial—Error Not Shown.*
An order granting a new trial cannot be deemed erroneous
when the motion therefor contains several grounds, some of
which are good, and the record does not show definitely the
specific ground upon which the motion was allowed.

2. ―――― *Remittitur—Conflicting Evidence—Direction of Ver-
dict.* In an action to recover rents and profits, when the prin-
cipal question is for which of two periods a recovery shall be
had, and the amount stated in the verdict indicates that the
jury found for the longer of such periods, and the court upon
an application for a new trial erroneously decided that the
recovery should have been for the shorter period, and there-
upon offered to deny the motion if plaintiff would accept an
amount then named by the court as the proper recovery un-
der the evidence for such period, which offer the plaintiff
declined, and a new trial was granted, *held,* that while the
action of the court amounted to an approval of the verdict
in all respects except the amount thereof, and the jury ap-
pear to have found for the proper period, still this court can-
not accept such amount as conclusive, and direct judgment
therefor, when the evidence relating thereto was conflicting
and the record contains nothing further to indicate that
such amount was approved by the court as the proper re-
covery for the period supposed to be covered by such finding.

3. CONVEYANCES—*Contract and Warranty Deed in Escrow—
Relation—Rents and Profits.* When a contract for the sale of
land is executed by the parties thereto and deposited in es-
crow, and the grantor, in compliance with the stipulations
thereof, executes his deed to the land, with full covenants of
warranty, and places it with the contract, to be delivered to
the grantee upon full payment of the purchase-money as
stipulated, and the grantee fully complies with all the re-
quirements of the contract on his part, paying interest on
the purchase-price from the date of the contract of sale, and
receives the deed, *held,* that upon delivery of the deed the
conveyance becomes complete, and the covenants of the deed
will relate back to the date of the contract of sale, and, in
the absence of stipulations to the contrary, the grantee will
be entitled to the rents accruing after that date.

35—72 KAN.

Error from Butler district court; GRANVILLE P. AIKMAN, judge. Opinion filed January 6, 1906. Affirmed.

*T. A. Kramer*, for plaintiff in error.
*E. N. Smith*, for defendants in error.

The opinion of the court was delivered by

GRAVES, J.: This was an action to recover damages for a breach of the covenants of a warranty deed. The transaction was evidenced by a contract of sale, dated April 8, 1902, which specified the subsequent steps to be taken by each party in completing the conveyance. The defendants in error were grantors, and the plaintiff in error grantee.

The contract of sale, together with $1000 cash paid by the grantee upon the purchase-price of the land, was placed in escrow with an El Dorado bank to await the performance of the subsequent requirements of each party. It was stipulated that the grantors should furnish an abstract of title and execute a warranty deed to the land, and place them in the bank with the contract, there to remain until August 1, 1902, when the grantee should pay the remainder of the purchase-money and receive the deed and abstract of title. These conditions were performed by each party, and the deed and abstract of title were duly delivered to the grantee as stipulated.

At the date of the contract of sale the land was in the possession of tenants. The cultivated portion was occupied by one Arnall, and the pasture-lands by one Pirtle. Arnall paid his rent to the grantee, and Pirtle paid to the grantors. The grantee began this action to recover damages as a substitute for the Pirtle rent.

The case was tried to a jury. The controversy on the trial was whether, if a recovery could be had at all, it should be for rent accruing from the date of the contract of sale, or from the date when the grantee actually received the deed, to November 1, 1902, when the

Pirtle lease expired. The case was presented to the jury upon both theories, and the amount returned in the verdict indicated that it was intended to cover the longer period. The court, on a motion for a new trial, decided that the finding should have been for the shorter period, and thereupon offered to deny the motion if the plaintiff would accept an amount stated, being the value of the rent after August 1, 1902; if not, the court indicated that it would grant a new trial. The plaintiff declined the offer and the motion was allowed.

This court has held that a trial court, by such an offer, approved the verdict in all respects except the amount. (*McCubbin v. City of Atchison,* 12 Kan. 166.) Plaintiff urges that the amount found by the jury is unquestionably correct, and that under the above decision he is entitled to judgment for that sum. But we think the amount is not conclusive. Aside from the question whether or not the jury intended by this amount to cover the rent from April 8, 1902, to November 1, 1902, is the further inquiry of whether or not the sum returned is the proper amount, under the evidence, for that period. The evidence upon this last question was conflicting. The court did not approve this finding. It expressly refused to do so, and gave no reason for its rejection other than that the amount was not correct. If the court had placed its refusal to accept the verdict upon the specific ground that it covered the wrong period, another and different question would be presented. We do not feel that the amount stated in the verdict as the reasonable value of rent after April 8, 1902, has been fixed with sufficient certainty to justify the direction of a judgment therefor, and therefore we cannot say the court erred in granting a new trial. Its ruling in that respect is affirmed.

We might let the case rest here, but, as a new trial is necessary and the legal questions involved are controlling, we deem it best to decide them now, and

thereby save the parties the delay and expense of further litigation in this court. The trial court erred in holding that the grantee could recover rent only from the date he actually received the deed—August 2, 1902. Where land is sold by a transaction involving a contract of sale containing stipulations for the subsequent performance of specified acts by each of the parties, pending which performance the contract is placed in escrow, and afterward in compliance with such escrow the grantor executes and delivers his deed, to be also held in escrow with the contract and delivered to the grantee when payment has been made by him as stipulated, and all the provisions of the escrow are performed and the deed delivered to the grantee accordingly, such delivery completes the conveyance, and the deed relates back to the date of the contract of sale and is not limited to the date when actual delivery is made to the grantee.

This doctrine of relation is of ancient origin, and has always been applied, both at law and in equity, to meet the requirements of justice, to protect purchasers, and to effectuate the intent of the parties to contracts. (18 Vin. Abr. 286-293; 2 Greenl. Cruise on Real Prop. 441; 24 A. & E. Encycl. of L. 275; *Welch v. Dutton et al.*, 79 Ill. 465; *Young v. Guy*, 87 N. Y. 457; *Sutherland v. Goodnow et al.*, 108 Ill. 528, 48 Am. Rep. 560; *Nellis v. Lathrop*, 22 Wend. [N. Y.] 121, 34 Am. Dec. 285; *Thompson v. Spencer*, 50 Cal. 532; *Cummings v. Newell*, 86 Minn. 130, 90 N. W. 311; *Davis v. Clark*, 58 Kan. 100, 48 Pac. 563.)

It has been held that whether by this rule of relation the operation of the deed will be carried back to the date of the contract of sale, to the execution of the deed, or only to its actual delivery to the grantee, will depend upon the intent of the parties as shown by the transaction. (1 Devlin, Deeds, 2d ed., § 262.) But whatever test may be applied to this case, the result will be the same. It is necessary to protect the grantee in the enjoyment of the property which he

has bought and paid for, and it is necessary to carry out the manifest intention of the parties that this deed should relate back to the date of the contract of sale.

The grantors purchased the land in controversy less than a week before the sale in question. The grantee paid interest on the purchase-price from the date of the contract. A vendor, in the absence of express stipulations therefor, cannot receive interest on the purchase-price and the rents also. (29 A. & E. Encycl. of L. 708; *Siemers v. Hunt,* 28 Tex. Civ. App. 44, 65 S. W. 62, 66 S. W. 115.) The grantors knew when they executed the contract of sale, and on May 6, 1902, when they placed their deed with full covenants of warranty in escrow, to be delivered August 1, 1902, that tenants were on the land, but no reservation or suggestion was made that they expected the rent. It must be presumed that they intended to convey by their deed every right which its covenants covered.

Placing a deed in escrow practically withdraws the land from the market, and renders the grantor powerless to convey or encumber it, so far as the vendee is concerned. After the grantee had paid the purchase-money in full, as agreed, including interest thereon from the date of the contract of sale, it would be manifestly unjust to deprive him of the rent conveyed by the covenants of his deed. We conclude that under the facts and circumstances shown in this case the plaintiff is entitled to receive rents from the date of the contract of sale, April 8, 1902.

The order of the court granting a new trial is affirmed, with direction that on the further trial the views herein expressed be followed.

All the Justices concurring.