ARMSTRONG v. GIFFORD. (No. 5879.)

(Court of Civil Appeals of Texas. San Antonio. June 6, 1917. Rehearing Denied June 30, 1917.)

1. PLEADING ☞8(7) — ANSWER — CONSTRUCTION OF CONTRACT.

An answer alleging that an alleged right of plaintiff "was never agreed or contemplated by" a contract between the parties, "nor was there any provision therein" conferring such right, was not subject to exception as attempting to construe the written contract.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 18.]

2. VENDOR AND PURCHASER ☞196—RENTS AND CROPS.

When there is no agreement to the contrary, the rents and crops from land that has been purchased pass with the deed to the land.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 404–406.]

3. VENDOR AND PURCHASER ☞196—RENTS AND PROFITS.

When a deed is given and the vendor remains in possession of the premises, he is treated as is the mortgagee in possession of mortgaged property, and will be held liable to the vendee for the rents and profits of the property; the title having passed to vendee.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 404–406.]

4. VENDOR AND PURCHASER ☞152—RENTS AND CROPS.

Where, under a contract for land purchase, the purchaser had a right to a deed at any time he complied with the contract, the purchaser, when he complied with the contract, had a right to a deed that would embrace everything attached to the soil, including unsevered crops, and also all unpaid rents that were not then due.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 304, 305.]

Appeal from District Court, Wharton County; Samuel J. Styles, Judge.

Action by R. A. Armstrong against G. C. Gifford. From judgment for defendant, plaintiff appeals. Reversed and remanded.

Gaines & Corbett, of Bay City, for appellant. Hall & Barclay and Kelley & Hawes, all of Wharton, for appellee.

FLY, C. J. This is a suit instituted by appellant to recover of appellee the sum of $2,-835.90, alleged to be due for services rendered by appellant in procuring a purchaser for certain lands belonging to appellee. While the suit was pending G. C. Gifford died, and by an amended petition Mrs. Annie Gifford and B. C. Roberts, the independent executors of the will of said G. C. Gifford, were made parties. Why the suit is still styled as it was originally is not apparent, but we follow the style of the case as presented by the record, although the representatives of the dead man are the beneficiaries of the appeal bond. The cause was heard before a jury, and a verdict instructed in favor of appellee.

This suit is based on a contract between appellant and appellee, dated February 21, 1913, by which appellant, in consideration of $1,000, was given an option on 531 acres of land of what is known as the Waterhouse & Sugar lands in Wharton county, until August 1, 1913, at $60 an acre. The contract provided that the consideration should be one-fifth in cash and the balance in one, two, three, and four years, and appellant was given the right to sell the land on or before August 1, 1913, on the same terms of his option, and appellee agreed to make a deed to the vendee. Appellant was also given the right, with the consent of appellee, to subdivide the land, and sell not less than one-half of it at $80 an acre. It was also provided that, if appellant sold the land for more than $60 an acre, the profit should go to appellant, but that he should take a proportionate amount of the notes to have a lien secondary to those taken by appellee. In the event of a sale of a part of the land appellant was to deliver to appellee all moneys and notes received from such sale. To pay the $1,000 cash provided for appellant was to convey to appellee nearly 4 acres of land in the town of Wharton, but appellant before the expiration of the contract was given authority to sell the 4 acres for more than $1,000.

Afterwards, on August 9, 1913, some dispute having arisen as to whom the rents of the 531 acres should belong, another contract was drawn providing that possession of the land should not be given until January 1, 1914, and that the land in Wharton should be reconveyed to appellant, and it was further provided:

"And whether said deed be made to said Armstrong, or to some other person at his direction, the right of said Armstrong shall exist to claim said rents and crops and to sue for and recover same in his own name, provided he or the vendee, or both, were entitled to a deed under said contract which would have passed the rents and crops, and as if a deed had been executed thereunder, in accordance with the terms of said contract, and the right of said Gifford to claim and retain said rents and crops shall exist if such right existed under said contract, without regard to the language of the deed now to be made, to the said Armstrong or his order, or the terms stipulated in said deed."

It is provided in the last contract that the changes as to the interest not beginning until January 1, 1914, or other matters therein, should in no way affect the rights of the parties under the original contract as to rents and crops, but that their rights should rest strictly on the terms of the original contract.

[1] The fourth assignment of error assails the action of the court in overruling a special exception to that part of the answer which alleged that:

"It was never agreed or contemplated by said contract, nor was there any provision therein that plaintiff should receive any commission or compensation for the sale of land, except as stated in said paragraph that in case he should

sell the land for more than $60 per acre he should take a proportionate part of the notes for the excess, upon the terms stated.".

The only objection to the pleading is that it is an attempt to construe the written contract, and it seems that appellant feared that it might in some way interfere with the prerogative of the court to construe the contract. We fail to see any merit in the assignment.

The fifth and sixth assignments of error complain of the action of the court in overruling other special exceptions to the petition, neither of which should have been sustained. The answer is not open to any of the objections to it made through the exceptions. The answer did not claim that the contract was revocable, but that appellant was seeking to avoid its provisions.

[2] When there is no agreement to the contrary, the rents and crops from land that has been purchased pass with the deed to the land. Porter v. Sweeney, 61 Tex. 213; Hearne v. Lewis, 78 Tex. 276, 14 S. W. 572. There was no deed made until August 13, 1913, when the land was conveyed to G. A. Harrison by G. C. Gifford. That deed was made in pursuance of the contract of August 9, 1913, between appellant and Gifford, in which it was agreed that a deed would be made in which rents would not be mentioned, and that no interest would be charged on the notes until January 1, 1914, at which time possession was to be given the vendee. It was also provided that the status of the rents should be as fixed by the contract of February 21, 1913. It follows that the making of the deed did not, under the terms of the contract, affect the rents, and the rights of the parties remain as they were fixed by the original contract.

With these preliminary matters settled, the only issue in this case is: Did the making of the contract carry with it the obligation upon the part of the owner of the land when he made the deed to convey the crops then growing upon the land, but which were not in existence when the contract was executed? In other words, would specific performance of the contract involve the duty to convey the crops with the land? Upon the answer to that question depends the decision of this case.

[3] When a deed is given, and the vendor remains in possession of the premises, he is treated as is the mortgagee in possession of mortgaged property, and will be held liable to the vendee for the rents and profits of the property. The reason for this rule in the case of a mortgage is that the title still remains in the mortgagor, and he is entitled to the usufruct of the land, and in the case of the vendor the title has passed from him to the vendee and he is entitled to the rents and profits. Mortgage Co. v. Gill, 8 Tex. Civ. App. 358, 27 S. W. 835; Devlin, Real Estate, § 862c; Siemers v. Hunt, 28 Tex. Civ. App.

44, 65 S. W. 62, 66 S. W. 115; Hotel Co. v. Gammon, 41 Tex. Civ. App. 1, 91 S. W. 337.

[4] Under the terms of the original contract appellant had the right to a deed for the land at any time that he complied with the terms of the contract and that deed would be a clear-cut conveyance of the land, without any reservation except what might arise from the contract. Under the plain unequivocal language of that contract, nothing could be reserved in connection with the land except the vendor's lien to secure the purchase money notes and that arises only by implication. The evidence establishes beyond question that a purchaser was found before August 1, 1913, who was ready, willing and able to comply with the terms of the contract. This fact was recognized by G. C. Gifford, who was ready and willing to give the deed as he had contracted to do, if he could reserve the crops growing on the land. No such reservation had been made in the contract, and the execution of the deed will date back to the date of the contract. No doubt appellee would have been authorized to have severed the crops from the land at any time before, but when he did not do this he was compelled under the terms of the contract to execute a deed to the land which would embrace everything attached to the soil and all unpaid rents, that were not due at the time when the deed was executed or should have been executed. Devlin on Real Estate, § 862a; Kessee v. Sloan, 69 Miss. 369, 11 South. 631; Allen v. Hall, 66 Neb. 84, 92 N. W. 171; Scott v. Sloan, 72 Kan. 545, 84 Pac. 117; Siemers v. Hunt, 28 Tex. Civ. App. 44, 65 S. W. 62, 66 S. W. 115.

It has been held that, where the owner of land conveys it before the accrual of rent, he cannot recover the proportionate amount that would be due at the time of delivery of the deed. Hammond v. Thompson, 168 Mass. 531, 47 N. E. 137. A person who has contracted to sell land, but who retains the title and possession, is held to the same liability for rents and profits as a mortgagee in possession. Ashurst v. Peck, 101 Ala. 499, 14 South. 541.

When the contract of February 21, 1913, was executed appellant had an equitable title to the land, and when that was perfected, and became a legal title, appellant was entitled to the rents and profits of the land. The facts in the Alabama case herein cited are similar to those in this case, and the court said:

"It is a familiar rule, declared in many of our decisions, that the relation of a vendor of lands, who has retained the title and bound himself to convey on payment of the purchase money, to his vendee, is analogous to that of mortgagee to mortgagor. All the incidents of a mortgage attach to it. We hold, therefore, that such a vendor in possession of the lands is accountable to the vendee or his assignee for rents and profits to like extent that a mortgagee in possession is accountable."

This rule applies, not only to rents, but to growing crops, and a deed will convey such crops, unless there is a special reservation of them in the deed. Devlin, Real Est. § 980b; Newburn v. Lucas, 126 Iowa, 85, 101 N. W. 730; Willis v. Moore, 59 Tex. 628, 46 Am. Rep. 284; Porter v. Sweeney, 61 Tex. 213.

When the deed was made by Gifford to Harrison, the crops would have passed to him, but for the agreement that appellant should have the rights given by the contract of February 21, 1913. Under our view of the case, appellant would be entitled to recover the value of the crops received by Gifford, deducting therefrom the amounts received by the tenants and the amounts advanced in raising the crops and gathering them.

It is argued that it was not in contemplation of the parties that the crops should pass with the land, because, when the contract was made, the crops had not been planted; but it was known to the parties that the sale of the land might be consummated at any time before August 1st, when the crops were either matured or well advanced. They were charged with knowledge that the crops growing when the deed was executed, being attached to the soil and undisposed of, would be a part of the realty. The crops could have been severed from the land before that time either by gathering, sale, or mortgage; but they had not been so detached, and the presumption is that it was the intention of the parties that the crops should go, as the law directs, with the land. It may appear to be a hardship to the owner of the land that the fruits of his labor should thus be taken; but he could have protected himself by contracting to retain the crops, or by selling the same.

This court is not in possession of sufficient facts upon which to render judgment, and the judgment will be reversed, and the cause remanded.