ROBERTS et al. v. ARMSTRONG.
(No. 7656.)

(Court of Civil Appeals of Texas. Galveston. April 3, 1919. Rehearing Denied May 8, 1919.)

1. APPEAL AND ERROR ⬦1097(1) — SUBSEQUENT APPEAL—LAW OF CASE.

On subsequent appeal, Court of Civil Appeals will follow law as announced by decision on former appeal, where it has not been reversed or modified by Supreme Court.

2. APPEAL AND ERROR ⬦1198 — RETRIAL — LAW OF CASE.

On retrial, lower court is required to obey orders of appellate court in remanding case.

Appeal from District Court, Wharton County; Sam'l J. Styles, Judge.

Suit by R. A. Armstrong against B. C. Roberts and another, executors. Judgment for plaintiff, and defendants appeal. Affirmed.

Hall & Barclay and Kelley & Hawes, all of Wharton, for appellants.

Gaines & Corbett, of Bay City, for appellee.

LANE, J. This suit was originally brought by R. A. Armstrong against G. C. Gifford, deceased, to recover the sum of $2,835.90, alleged to be due for services rendered by him in procuring a purchaser for certain lands of Gifford. While the suit was pending, Gifford died, and the executors of his will, Annie Gifford and B. C. Roberts, were made parties.

The suit was based on a contract between appellee, Armstrong, and Gifford, deceased, dated February 21, 1913, by which appellee, in consideration of $1,000, was given an option on 531 acres of land owned by Gifford, situated in Wharton county, until the 1st day of August, 1913, at $60 per acre. The contract provided that the consideration should be one-fifth in cash and the balance in one, two, three, and four years, and appellee was given the right to sell the land on or before August 1, 1913, on the same terms of his option, and Gifford agreed to make a deed to the vendee. It was also provided that if appellee sold the land for more than $60 an acre the profit should go to him, but that he should take a proportionate amount of the notes to have a lien secondary to those taken by Gifford. To pay the $1,000 cash to be paid for the option, appellee was to convey to Gifford nearly 4 acres of land in the town of Wharton.

Afterwards, on August 9, 1913, some dispute having arisen as to whom the rents of the 531 acres should belong, another contract was drawn, providing that possession of the land should not be given until January 1, 1914, and that the land in Wharton should

---

be reconveyed to appellee, and it was further provided:

"And whether said deed be made to said Armstrong, or to some other person at his direction, the right of said Armstrong shall exist to claim said rents and crops, and to sue for and recover the same in his own name, provided he, or the vendee, or both, were entitled to a deed under said contract which would have passed the rents and crops, and as if a deed had been executed thereunder, in accordance with the terms of said contract, and the right of said Gifford to claim and retain said rents and crops shall exist if such right existed under said contract, without regard to the language of the deed now to be made to the said Armstrong or his order, or the terms stipulated in said deed."

It is provided in the last contract that the changes as to the interest not beginning until January 1, 1914, or other matters therein, should in no way affect the rights of the parties under the original contract as to rents and crops, but that their rights should rest strictly on the terms of the original contract.

This is the second appeal of this case. Upon the first trial judgment was rendered for the executors, Annie Gifford and B. C. Roberts. On appeal to the Court of Civil Appeals for the Fourth District, at San Antonio, in an opinion by Chief Justice Fly, reported in 196 S. W. 723, that judgment was, on the 6th day of June, 1917, reversed. In that opinion, after stating the nature of the case and result of trial, it is said:

"When there is no agreement to the contrary, the rents and crops from land that has been purchased passed with the deed to the land. Porter v. Sweeney, 61 Tex. 213; Hearne v. Lewis, 78 Tex. 276, 14 S. W. 572. There was no deed made until August 15, 1913, when the land was conveyed to G. A. Harrison by G. C. Gifford. That deed was made in pursuance of the contract of August 9, 1913, between appellant and Gifford, in which it was agreed that a deed would be made in which rents would not be mentioned, and that no interest would be charged on the notes until January 1, 1914, at which time possession was to be given the vendee. It was also provided that the status of the rents should be as fixed by the contract of February 21, 1913. It follows that the making of the deed did not, under the terms of the contract, affect the rents, and the rights of the parties remain as they were fixed by the original contract.

"With these preliminary matters settled, the only issue in this case is: Did the making of the contract carry with it the obligation upon the part of the owner of the land, when he made the deed, to convey the crops then growing upon the land, but which were not in existence when the contract was executed? In other words, would specific performance of the contract involve the duty to convey the crops with the land? Upon the answer to that question depends the decision of this case.

"When a deed is given, and the vendor remains in possession of the premises, he is treated as is the mortgagee in possession of mortgaged property, and will be held liable to the vendee for the rents and profits of the property. The reason for this rule in the case of a mortgage is that the title still remains in the mortgagor, and he is entitled to the usufruct of the land, and in the case of the vendor the title has passed from him to the vendee and he is entitled to the rents and profits. Mortgage Co. v. Gill, 8 Tex. Civ. App. 358, 27 S. W. 835; Devlin, Real Estate, par. 862c; Siemers v. Hunt, 28 Tex. Civ. App. 44, 65 S. W. 62, 66 S. W. 115; Hotel Co. v. Gammon, 41 Tex. Civ. App. 1, 91 S. W. 337.

"Under the terms of the original contract, appellant had the right to a deed for the land at any time that he complied with the terms of the contract, and that deed would be a clear-cut conveyance of the land, without any reservation, except what might arise from the contract. Under the plain unequivocal language of that contract, nothing could be reserved in connection with the land, except the vendor's lien to secure the purchase-money notes, and that arises only by implication. The evidence establishes beyond question that a purchaser was found before August 1, 1913, who was ready, willing, and able to comply with the terms of the contract. This fact was recognized by G. C. Gifford, who was ready and willing to give the deed, as he had contracted to do, if he could reserve the crops growing on the land. No such reservation had been made in the contract, and the execution of the deed will date back to the date of the contract. No doubt appellee would have been authorized to have severed the crops from the land at any time before, but when he did not do this he was compelled under the terms of the contract to execute a deed to the land which would embrace everything attached to the soil and all unpaid rents, that were not due at the time when the deed was executed or should have been executed. Devlin on Real Estate, par. 862a; Keesee v. Sloan, 69 Miss. 369, 11 South. 631; Allen v. Hall, 66 Neb. 84, 92 N. W. 171; Scott v. Sloan, 72 Kan. 545, 84 Pac. 117; Siemers v. Hunt, 28 Tex. Civ. App. 44, 65 S. W. 62, 66 S. W. 115.

"It has been held that, where the owner of land conveys it before the accrual of rent, he cannot recover the proportionate amount that would be due at the time of delivery of the deed. Hammond v. Thompson, 168 Mass. 531, 47 N. E. 137. A person who has contracted to sell land, but who retains the title and possession, is held to the same liability for rents and profits as a mortgagee in possession. Ashurst v. Peck, 101 Ala. 499, 14 South. 541.

"When the contract of February 21, 1913, was executed, appellant had an equitable title to the land, and when that was perfected, and became a legal title, appellant was entitled to the rents and profits of the land. The facts in the Alabama case herein cited are similar to those in this case, and the court said: 'It is a familiar rule, declared in many of our decisions, that the relation of a vendor of lands, who has retained the title and bound himself to convey on payment of the purchase money to his vendee, is analogous to that of a mortgagee to mortgagor. All the incidents of a mortgage attached to it. We hold, therefore, that such vendor in possession of the lands is accountable to the vendee or his assignee for

rents and profits to like extent that a mortgagee in possession is accountable.' This rule applies, not only to rents, but to growing crops, and a deed will convey such crops, unless there is a special reservation of them in the deed. Dev. Real Estate, par. 980b; Newburn v. Lucas, 126 Iowa, 85, 101 N. W. 730; Willis v. Moore, 59 Tex. 628, 46 Am. Rep. 284; Porter v. Sweeney, 61 Tex. 213.

"When the deed was made by Gifford to Harrison, the crops would have passed to him, but for the agreement that appellant should have the rights given by the contract of February 21, 1913. Under our view of the case, appellant would be entitled to recover the value of the crops received by Gifford, deducting therefrom the amounts received by the tenants and the amounts advanced in raising the crop and gathering them.

"It is argued that it was not in contemplation of the parties that the crops should pass with the land, because, when the contract was made, the crops had not been planted; but it was known to the parties that the sale of the land might be consummated at any time before August 1st, when the crops were either matured or well-advanced. They were charged with knowledge that the crops growing when the deed was executed, being attached to the soil and undisposed of, would be a part of the realty. The crops could have been severed from the land before that time, either by gathering, sale, or mortgage; but they had not been so detached, and the presumption is that it was the intention of the parties that the crops should go, as the law directs, with the land. It may appear to be a hardship to the owner of the land that the fruits of his labor should thus be taken; but he could have protected himself by contracting to retain the crops, or by selling the same. This court is not in possession of sufficient facts upon which to render judgment, and the judgment will be reversed and the cause remanded."

On the 5th day of November, 1917, mandate was issued ordering the reversal of the judgment of the trial court and the remanding of the cause for further proceedings in accordance with said opinion. On November 21, 1917, after said reversal and remand, appellants, Mrs. Annie Gifford and B. C. Roberts, filed their amended answer, in which, after alleging substantially the same matter as in their answer upon which the case was first tried, they made additional allegations:

First, that neither Armstrong nor Harrison tendered in writing the performance of that part of the contract of February 21, 1913, assumed by Armstrong; second, that as Armstrong was not entitled to the rents involved under the contract of February 21, 1913, he is not entitled to recover the value of the same under the contract of August 9, 1913; third, "that the last clause of said contract of August 9, 1913, is in direct contradiction of the intention of the parties in entering into said agreement, as clearly expressed in the preamble and in the next preceding clause of said agreement, because it seeks to change the rights of the parties as they existed under the contract of Feb-

ruary 21, 1913, which was manifestly contrary to the intention of the parties in executing said agreement."

"That if the last clause of the contract of August 9, 1913, should be held to prevail over the prior clauses of said contract, thereby changing the rights of the parties as they existed under the contract of February 21, 1913, then defendants say that such contract was without consideration as to the said G. C. Gifford, and was a nudum pactum and not binding on him, and that the provisions in the last clause of the contract of August 9, 1913, to the effect that the right of Armstrong should exist to claim said rents and crops, and to sue for and recover same in his own name, provided he or the vendee, or both, were entitled to a deed under said contract of February 21, 1913, which would have passed the rents and crops, and as if a deed had been executed thereunder in accordance with the terms of said contract, cannot be enforced because it is based on a fictitious state of facts which never existed, and attempts to confer upon plaintiff a remedy based upon an abstract proposition, and one to which he was not entitled under the contract of February 21, 1913, in case the same was breached by Gifford."

Appellee Armstrong filed his supplemental petition November 21, 1917, and therein demurred generally and specially to all and each paragraph of appellants' answer, on the grounds that the Court of Civil Appeals at San Antonio, by its decision herein set out, had passed upon, decided and settled all the matters and things both of fact and law now sought to be put in issue by the amended answer of appellants, and that said issues were by said decision decided adversely to the contention of appellants, and that said decision is the law governing the disposition of the cause. He again alleged the execution of the contracts involved in this cause, and also alleged that under the terms of said contracts he was entitled to the value of the rents of the land in question collected by Gifford, for which he prayed judgment.

When the case was called for trial the court sustained demurrers to the entire answer of appellants, and, as it had been agreed by all parties that the rent involved in the suit was the sum of $2,635.89, the judgment was rendered in favor of Armstrong for such sum. From this judgment Mrs. Gifford and B. C. Roberts, executors, have appealed.

The effect of all of appellants' assignments is that the trial court erred in sustaining appellee's demurrers to their answer, and in refusing to hear evidence on any issue presented therein, except on the question of amount of rents collected by Gifford. The contention under these assignments is that new issues, not decided on the former appeal, were raised by the amended answer, and that the court erred in sustaining appellee's demurrers, and thereby refusing to permit appellants to offer evidence in support of such new issues.

We have reached the conclusion that the amended answer of appellants, filed after the rendition of the decision of the San Antonio court, set out herein, presents no new legal defense to appellee's suit, not set up in their original answer, upon which the case was first tried. In our opinion, the pleadings of the parties originally and now present but one material question, and that is whether or not a purchaser under the terms of the contract of February 21, 1913, was entitled to the rents of the land involved for the current year 1913?

[1] Whether the issues were thus limited or not, we have concluded that all of the material questions raised by appellants on this appeal were decided adversely to them on the former appeal, and we conceive it to be our duty to follow the law as announced in that decision until the same has been reversed or modified by the Supreme Court.

[2] On the last trial the trial court could not do otherwise than to obey the orders of the Court of Civil Appeals remanding the case. We think its decision was the law of the case. We therefore follow that court, and decline to enter into a detailed reconsideration of the questions presented, all of which were expressly or necessarily decided on the former appeal, except as to the amount collected by G. C. Gifford as rents, and this matter was ascertained and properly disposed of in the last trial of the case.

The judgment of the trial court is affirmed.

Affirmed.