ARMSTRONG v. ROBERTS et al. *
(No. 8598.)

(Court of Civil Appeals of Texas. Galveston. Dec. 24, 1924. Rehearing Denied Feb. 19, 1925.)

On Motion for Rehearing.

Appeal and error ⊛⟶1011(1)—Province of trial judge acting without jury, to decide sale issue presented, where evidence conflicting.

In case tried by court without a jury, findings of fact thus being left to trial court, where there was a conflict of evidence on sole issue presented, it was province of trial judge to decide such question.

Appeal from District Court, Wharton County; M. S. Munson, Judge.

Action by R. A. Armstrong against B. C. Roberts and another, executors of the will of G. C. Gifford. Judgment for defendants, and plaintiff appeals. Affirmed.

See, also, 212 S. W. 227; 231 S. W. 371.

J. M. Corbett, of Bay City, and Chas. C. Ingram, of Wharton, for appellant.

Kelley & Hawes, of Wharton, for appellees.

LANE, J. This suit as last tried is one by R. A. Armstrong, hereinafter called appellant, against B. C. Roberts and Mrs. Annie Gifford, executors of the will of G. C. Gifford, who died after the suit was filed against him to recover $2,835.89; same being the amount of rent collected from a certain 531 acres of land in Wharton county. For cause of action the plaintiff, among other things, alleged substantially that on the 21st day of February, 1913, G. C. Gifford, for a valuable consideration, executed and delivered to him an option contract, by the terms of which he was given an option to purchase 531 acres of land for a consideration of $60 per acre at any time between the 21st day of February 1913, and the 1st day of August, 1913; that one-fifth of said purchase price was to be paid in cash and the remainder in one, two, three, and four years; that it was also provided in said option contract that he, Armstrong, should, during the life of the same, have the right to sell said land to any purchaser he might procure, at the price and upon the terms stipulated in said contract, and that, if he should sell the same for more than the stipulated price, he should retain any excess over and above such price as his compensation; that, after the execution and delivery of said contract, to wit, on the 31st day of July, 1913, before the expiration of

(269 S.W.)

the same he procured one G. A. Harrison as a purchaser for said land at the price and terms stipulated in said contract, who on said last-named date tendered to Gifford full performance of the terms of said contract and demanded of Gifford a deed to said land; that, notwithstanding such tender and demand, Gifford refused to make said deed; that thereafter, to wit, on the 9th day of August 1913, Gifford sold and conveyed said land to Harrison at the price and on the terms stipulated in said contract; that at the time said land was so conveyed to Harrison it was agreed by and between Gifford, Harrison, and himself that, if it was held that he had tendered performance of said contract during the life of the same, the rents collected from said lands for the year 1913, which amounted to $2,835.89, he, Armstrong, was to have the same as his compensation.

Roberts and Mrs. Annie Gifford, executors, who were made parties defendant after the death of Gifford, admitted the execution and delivery of the option contract as alleged by Armstrong, but denied that Armstrong or Harrison had tendered performance thereof at any time before the same had expired, and averred substantially that, if Armstrong or Harrison ever tendered performance of said option contract at any time, such tender was not made until after said contract had expired and not until Gifford had notified Armstrong and Harrison that he reserved the rents, and would not convey them under the option contract.

After both parties had closed their evidence, the court instructed the jury selected to try the cause to return a verdict for the defendants. Such verdict was returned, and judgment accordingly rendered. From such judgment R. A. Armstrong has appealed.

This is the third appeal of this cause.

The decision on the first appeal was by the San Antonio court, and is reported in 196 S. W. 723. The decision on the second appeal was by this court, and is reported in 212 S. W. 227. A writ of error was granted by the Supreme Court from the decision rendered by this court, and the decision of the Supreme Court is reported in 231 S. W. 371.

The Supreme Court held that G. C. Gifford had the right to reserve to himself the rents, collected or to be collected, at any time before Armstrong or his proffered purchaser tendered performance of the option contract; saying:

"According to the allegations of the plaintiffs in error, the deceased, G. C. Gifford, at all times denied that it was the intention of the parties that crops or rents should pass to the purchaser on the exercise of the option, and also denied that a proper construction of the option contract so required, and at all times asserted his right to reserve his crops and rents in the consummation of a sale under such option.

"It is a matter of common knowledge that the cultivation of crops of corn and cotton in that part of the state at the time of the tender and demand alleged was practically complete, and such crops either partly matured, or rapidly approaching maturity.

"We therefore sustain these assignments, and hold that a proper construction of the option contract gave the deceased, G. C. Gifford, the right to reserve his growing crops and the rents arising out of the same."

So holding, the Supreme Court reversed the judgment of the trial court and of this court, which was in favor of R. A. Armstrong, and remanded the cause to be tried upon the sole issue as to whether Gifford had reserved and thereby severed the rents from the land before the expiration of the option contract and before Armstrong or his proffered purchaser tendered performance thereof. The same issue, therefore, is the sole issue before this court.

It is insisted by appellant, Armstrong, first, that the undisputed evidence shows that tender of performance of the option contract was made to Gifford on the 31st day of July, 1913, prior to the expiration of said contract, and, second, that, if he be mistaken in his contention that the undisputed evidence shows such tender prior to the expiration of said contract, then he says in any event the evidence was conflicting upon such point, and in such case the issue should have been submitted to the jury, and the court erred in not so doing.

We cannot agree with either of the contentions of appellant. After a careful examination of the entire statement of facts, we have reached the conclusion that the undisputed evidence shows that before the expiration of the option contract Gifford informed appellant and Harrison that he would reserve the rents and would not include them in the sale of the land, and we also conclude that it is shown by the undisputed evidence that neither appellant nor Harrison nor any agent of either of them tendered performance of the option contract before the same had expired. We are therefore of the opinion that the judgment of the trial court should be affirmed, and it is so ordered.

Affirmed.

## On Motion for Rehearing.

In stating the nature of the case and result of trial, in our original opinion we made the statement that the trial court instructed the jury to return a verdict for the defendants, and it was the contention of appellant that the evidence was conflicting as to time of the tender of performance of the contract, and therefore the court erred in not submitting that issue to the jury.

Appellant has filed his motion for rehearing, and calls our attention to the fact that the record shows that the case was tried before the court without a jury and that our statements with reference to a jury are erroneous.

The writer of this opinion, as well as of the original opinion, must admit that he erred in stating that the case was tried before a jury and in stating that appellant complained of the action of the court in not submitting any issue to the jury. As a matter of fact, there was no jury in the case. As a matter of fact, it was insisted by appellant that the undisputed evidence showed that a tender of performance of the option contract was made to Gifford on the 31st day of July, before the time in which he might perform the same had expired and before Gifford reserved the rents. Just what induced the writer to make the erroneous statements with reference to a jury is unexplainable. But, since any conclusion which might have been based upon such statements could not have, in fact did not, in any wise affect the determination of the issue involved, they furnish no reason for setting aside the judgment rendered. The fact that the finding of facts was left to the trial court and not to the jury strengthens our conclusions in that, if there was a conflict of evidence on the sole issue, it was the province of the trial judge to decide that issue.

What we intended to hold in our original opinion was that the undisputed evidence shows that Gifford notified Armstrong and his proffered purchaser that he reserved the rents before either of said parties or any one for them made an unconditional tender of performance of the contract.

Since our attention is now called to the fact that the cause was tried to the court, we now hold that the evidence was amply sufficient to support the conclusion of the trial court that Gifford had reserved the rents before appellant or any one for him made an unconditional tender of the performance of the option contract according to its terms.

Having made the above explanations, the motion for rehearing is refused.

Refused.