H. R. HEARNE, ADMINISTRATOR, v. H. L. LEWIS ET AL.

No. 6658.

**Rents, to Whom Payable.**—Upon a sale of land rents not due upon it are payable to the purchaser; they go with the land.

APPEAL from Robertson. Tried below before Hon. John N. Henderson. The opinion states the case.

*Simmons & Crawford,* for appellant.—Appellant as administrator did not and could not include the note in the sale made to Mrs. Lewis. He had no authority to do so without an order of the Probate Court. Rev. Stats., arts. 1934, 2059. An administrator, under our probate laws, can not legally do any act pertaining to sale or disposition of the property of an estate without an order of the Probate Court. Our laws virtually pre-

scribe that an estate shall be administered by an administrator under order of the court.   In truth he has no rights, no interests in an estate, only what the law gives him.   Hill v. Tucker, 13 How., 458; Goodall v. Tucker, 13 How., 469.   And he could not have disposed of the note sued on to Mrs. Lewis, or agree that it should pass by the sale of the land, unless the Probate Court had so decreed.   If he agreed that it should pass by the sale of the land without authority of the Probate Court he would have been liable to the creditors and heirs of the estate for its amount.

*J. D. Thomas,* for appellees.—The right to the rent for the entire year 1887 passed to Mrs. Lewis with the title to the land by virtue of the proceedings in the Probate Court.   Porter v. Sweeney, 61 Texas, 216, and authorities cited; Shutz v. Sprein, 1 Ct. App. C. C., secs. 916–919; Johnson & Brien v. Doss, 1 Ct. App. C. C., secs. 1075, 1076; Johnson v. Smith, 24 Am. Dec., 339, and cases cited; Fry v. Jones, 2 Rawle, 11; Martin v. Searcy, 20 Am. Dec., 64; Burden v. Thayer, 37 Am. Dec., 118, and note; Zule v. Zule, 35 Am. Dec., 601, and note; Martin v. Martin, 61 Am. Dec., 364, and note; Gibbons v. Dillingham, 50 Am. Dec., 233; Childs v. Clark, 49 Am. Dec., 164, and note; Deaver v. Rice, 34 Am. Dec., 390; Casey v. Gregory, 56 Am. Dec., 581, and note; Mussey v. Holt, 55 Am. Dec., 234; Butt v. Ellett, 19 Wall., 544.

ACKER, PRESIDING JUDGE.—In December, 1886, H. R. Hearne, as administrator of the Carr estate, leased a farm belonging to said estate to H. L. Lewis for the year 1887, and took his note for the rent, with Adeline M. Lewis as surety, payable on the 1st day of November, 1887.

On the 12th day of May, 1887, Adeline M. Lewis purchased the farm, and the title thereto was vested in her by decree of the Probate Court, nothing being said at the time about the rent for the year 1887.

This suit was brought by the administrator to enforce payment of the note given for the rent.   H. L. Lewis answered, admitting his liability on the note, and that Adeline M. Lewis claimed that she was entitled to the rent money due on the note, and asked that the court determine who he should pay the money to.

Adeline M. Lewis answered, setting up her claim to the rent by virtue of her purchase of the land before the rent became due.

The trial without a jury resulted in judgment for defendants as against the plaintiff, and in favor of Adeline M. Lewis against H. L. Lewis for the amount of the note sued on.   The plaintiff appealed.

The question of controlling importance, and the only one we deem it necessary to consider, is, Did the rent not due pass to Adeline M. Lewis with her purchase of the fee?

In the case of Porter v. Sweeney, 61 Texas, 216, it is said:  " The general rule is that even an apportionment of rent is never made under the

common law in reference to length of time of occupation, but whoever owns the reversion at the time the rent falls due is entitled to the entire sum then due."

No reservation of the rent having been made at the time Adeline M. Lewis acquired title to the land, the general rule applies, and she being owner of the fee at the time the rent became due was the owner also of the rent.

We are of opinion that the judgment of the court below should be affirmed.

*Affirmed.*

Adopted October 21, 1890.

Justice Henry not sitting.