### W. L. FALWELL v. S. J. HENING ET AL.

No. 6589.

**Limitation—Absence—Vendor's Lien.**—Absence from the State of the maker of a vendor's lien note suspends the statute as well against the lien as against the indebtedness, nor can a purchaser from the vendee with notice avoid the lien by limitation while the debt and lien are valid against the original vendee.

ERROR from Wise.    Tried below before Hon. F. E. Piner.
The opinion gives a statement.

*Carswell & Fuller* and *W. H. Bullock*, for plaintiff in error.—1.  The court erred in sustaining the plaintiff's exceptions to the answers setting up limitation, because this suit being brought to foreclose an implied lien as against Falwell on land was such a suit as may have been maintained at any time since the accrual of the cause of action by plaintiff; and said cause of action accruing November 1, 1880, was at the time of filing of this suit barred as to Falwell so pleading.

2.  The court erred in overruling defendants' plea of limitation, because the absence of John Abercrombie from the State did not prevent the maintaining of said suit; and Falwell purchasing from and holding under Abercrombie by warranty deed could make any defense available by the latter.  The note sued on was due November 1, 1880.  This suit was filed February 9, 1885.  Neither the note nor the deed expressed that a vendor's lien was retained.  The deed from Abercrombie to Falwell was a general warranty deed.  Falwell pleaded that Abercrombie was insolvent and absent from the State.  Rev. Stats., art. 3216; Phillips v. Holman, 26 Texas, 276; Ang. on Lim., secs. 200, 201, and notes.

No brief for defendants in error.

ACKER, PRESIDING JUDGE.—Sarah J. Hening, joined by her husband, brought this suit on a note for $300, executed by John Abercrombie on the 19th day of March, 1878, and payable to her on the 1st day of November, 1880. The note recited that it was given for the purchase money for a certain piece of land conveyed by Mrs. Hening to Abercrombie, and the deed from her to him recited the note as the consideration, but neither the deed nor note expressly retained a lien.

Falwell received from Abercrombie on the 2nd day of November, 1878, a warranty deed for forty acres of the land for the recited consideration of a promissory note to become due on the 1st day of October, 1880, and went into possession. Mrs. Hening made Falwell a defendant, and alleged in her petition that Abercrombie removed from the State of Texas to the State of Arkansas within four years after the maturity of the note and had remained absent ever since; that Falwell knew of her lien against the land at the time he purchased the forty acres from Abercrombie, and prayed for judgment against Abercrombie for principal and interest due on the note, and foreclosing her lien on the land as to both defendants.

Abercrombie filed written acceptance of service of citation, but made no answer.

Falwell pleaded the statute of limitation of four years, to which plaintiff excepted. The exception was sustained, and the trial resulted in judgment for plaintiffs as prayed for.

Falwell prosecutes this writ, and under his two assignments of error contends that the court erred in sustaining the exception to the plea of limitation, because Abercrombie's absence from the State did not prevent the plaintiffs from bringing suit to foreclose the implied lien against the land at any time after the maturity of the note.

Under the provisions of article 3216 of our Revised Statutes limitation did not run against the note during Abercrombie's absence from the State, and the court did not err in sustaining the exception to the plea. Phillips v. Holman, 26 Texas, 282.

The lien was incident to the claim for the purchase money. If the note was not barred the lien was not.

We are of opinion that the judgment of the court below should be affirmed.

*Affirmed.*

Adopted October 21, 1890.