## OSBORNE et al. v. OSBORNE et al.

(Court of Civil Appeals of Texas. Dallas. June 3, 1911. On Motion to Correct Judgment, June 17, 1911. Rehearing Denied June 24, 1911.)

1. LIFE ESTATES (§ 15*)—RENT—PERSONS ENTITLED.

Where a life tenant leases the premises and dies before the rent is due, it goes to the remainderman, and not to the legal representative of the life tenant.

[Ed. Note.—For other cases, see Life Estates, Cent. Dig. § 34; Dec. Dig. § 15.*]

On Motion to Correct Judgment

2. LIFE ESTATES (§ 15*)—RENT—PERSONS ENTITLED.

Where a life tenant leases the premises and dies before the rent is due, an heir of the life tenant is not entitled to any portion of the rent.

[Ed. Note.—For other cases, see Life Estates, Cent. Dig. § 34; Dec. Dig. § 15.*]

Appeal from Hunt County Court; J. W. Manning, Judge.

Action by Agnes Osborne and others against R. A. Osborne and others. From a judgment for plaintiffs, defendants appeal. Reversed and rendered.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

J. S. Sherrill and Bennett & Jones, for appellants. C. E. Mead, for appellees.

BOOKHOUT, J. This is a suit by appellees, Agnes Osborne and others, instituted against appellants, R. A. Osborne and Jim Osborne, to recover as legal representatives of Martha Osborne, deceased, life tenant of a certain tract of land situated in Hunt county, the rent thereon for the year 1909; both the pleadings and proof showing that the life tenant died before the rent fell due, and that defendants, appellants here, are the remaindermen and collected the rent in the fall as it fell due after the death of said Martha Osborne. The cause was tried before the court without a jury and judgment rendered for plaintiffs for the amount of rent collected by defendants, to which judgment defendants excepted and perfected an appeal.

[1] Appellants contend that where the life tenant sublets the premises for a part of the crop as rent, and dies before the crop or any part of it is gathered, and before the rent is due, it goes to the remainderman and not to the legal representatives of the life tenant. Martha Osborne died on the 9th day of August, 1909, and the rent did not become due until some time in the autumn following. The tenants who cultivated the farm had rented the same from Martha Osborne for that year, and no question was made as to their right to the crop and to the use of the premises during the year. Martha Osborne, the life tenant, did not cultivate the land herself, or have it cultivated, but sublet it to the tenants, Miller and Hitt, they to pay money rent for the land sowed in oats, one-third of the corn, and one-fourth of the cotton raised on the land, all to be paid in the fall of the year when the corn and cotton were gathered.

There is nothing in this case to take it out of the general rule stated in the decisions of the higher courts and by the textwriters, that the party who owns the fee at the time the rent becomes due is entitled to the rent. The rule stated by Judge Stayton in the case of Porter v. Sweeney, 61 Tex. 216, is as follows: "The general rule is that even an apportionment of rent is never made under the common law in reference to length of time of occupation; but whoever owns the reversion at the time the rent falls due is entitled to the entire sum then due." The same rule was adhered to in the case of Hearne v. Lewis, 78 Tex. 276, 14 S. W. 572. The facts in that case show that in December, 1886, Hearne, as administrator of the Carr estate, rented a farm belonging to the estate to one H. L. Lewis, taking his note for the rent, the note maturing on the 1st day of November, 1887, Adeline M. Lewis becoming surety on the rent note. In May, 1887, Adeline M. Lewis purchased the land from the administrator under an order of the probate court, nothing being said about the rent of the land for that year. The note not being paid at maturity, Hearne brought suit to recover the amount. Lewis, the tenant, admitted the liability, but asked to be protected, as Adeline M. Lewis claimed the rent by reason of the fact that she had bought the land before the rents fell due. The court held that she, having bought the land, and being the owner of the fee at the time the rent became due, was also owner of the rent. See, also, Johnston v. Smith, 3 Pen. & W. (Pa.) 496, 24 Am. Dec. 339; Martin v. Martin, 7 Md. 368, 61 Am. Dec. 364. The rule announced by Judge Stayton has been modified by statute in England and in some of the states in this country, but it has not been modified in Texas and the common law rule still prevails.

The only case cited by appellees which sustains the trial court in his ruling is that of Reed v. McGouirk, 35 S. W. 527, decided by the Court of Appeals for the Second District. That case ignores the holding by the Supreme Court in the cases of Porter v. Sweeney and Hearne v. Lewis, above cited, and does not seem to have been followed. In the instant case, the tenants of the owner of a life interest in the estate knew that their landlord only owned a life interest therein, and that their lease was liable to be terminated at any time by the death of their landlord, yet the lease is silent as to whom the rents upon the happening of such contingency should be paid, whether to the legal representatives of the owner of the life estate or the remainderman. The owner of the life estate did not personally perform any act towards the cultivation of the land and the raising of the crops, but this was done solely by the tenants.

It is clear under the facts that appellants to whom the remainderman had conveyed the land by warranty deed were entitled to all the rents, except a one-fifth of the same owned by Jim Brown, who as heir of Martha Osborne inherited a one-fifth interest in the estate. Appellants did not purchase the interest of Jim Brown, and he is not a party to the suit, and not before this court.

The judgment is therefore reversed and judgment here rendered for appellants for four-fifths of the rents sued for. The interest of Jim Brown is not disposed of by the judgment.

Reversed and rendered.

### On Motion to Correct Judgment.

[2] Appellants have filed a motion to correct the judgment in this case. In the opinion it is stated that it is clear under the facts that appellants to whom the remainderman had conveyed the land by warranty deed were entitled to all the rents, "except a one-fifth of the same owned by Jim Brown, who, as heir of Martha Osborne, inherited a one-fifth interest in the estate. Appellants did not purchase the interest of Jim Brown, and he is not a party to the suit, and not

before this court." We erred in holding that Jim Brown inherited an interest in the rents. The facts show that Brown is a son of Martha Osborne by another marriage prior to her marriage with R. B. Osborne. In other words, that he was a step-son of R. B. Osborne and half-brother of the younger set of Osborne children. The land was the separate property of R. B. Osborne. Martha Osborne held a life estate under the will, but Jim Brown never had any interest in the land by inheritance or otherwise, and is not entitled to take any part of the rents by inheritance from his mother, unless the doctrine of emblements applies in this case. Having held that the doctrine of emblements does not apply in this state, it follows that Jim Brown never inherited any interest in the rents. He did inherit a one-fifth interest in the estate of Martha Osborne, but she had no such interest in the rents as could, upon her death, become a part of her estate.

The judgment will be corrected so as to give appellants judgment for all the rents sued for.