### J. B. FARTHING LUMBER CO. v. WILLIAMS et al. (No. 7298.)

(Court of Civil Appeals of Texas. Galveston. Feb. 15, 1917. Rehearing Granted in Part March 22, 1917.)

1. CHATTEL MORTGAGES ⬥6 — NATURE OF TRANSFER—ASSIGNMENT OF RENT.

An assignment of rents made for purpose of excepting such rentals from a threatened foreclosure sale of the land, and accepted by the assignees to secure attorney's fees due them, constitutes only a mortgage, and not an absolute conveyance.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 23–41.]

2. EVIDENCE ⬥20(1) — JUDICIAL NOTICE — FARM RENTALS.

Judicial notice will be taken that, when lands are rented under the farm tenant system by the year, the rent is not due until a reasonable time has elapsed for harvesting the crops.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 24.]

3. EVIDENCE ⬥84 — RENTALS — PRESUMPTIONS.

In absence of contrary evidence, it will be presumed that farm rentals are not due until the crop is gathered.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 106.]

4. VENDOR AND PURCHASER ⬥196—RIGHTS PASSING BY SALE—RENTALS.

Rentals, payable either in money or in crops, which are not due when the land is sold, pass to the purchaser when no reservation is made.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 404–406.]

5. VENDOR AND PURCHASER ⬥196—RENTALS.

Where land was sold before rentals were due, the title to the rents passed to the purchaser, irrespective of whether the vendor made any misrepresentations.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 404–406.]

Appeal from District Court, Harris County; Wm. Masterson, Judge.

Action by the J. B. Farthing Lumber Company against Emily B. Williams and others. Judgment for defendants, and plaintiff appeals. Reversed, and judgment rendered for plaintiff.

Huggins & Kayser, of Houston, for appellant. J. W. Lockett, of Houston, for appellees.

PLEASANTS, C. J. This suit was brought by the appellant against Emily B. Williams,

a feme sole, and others who were tenants upon certain lands in Colorado county which they had rented from the said Emily B. Williams for the year 1912. The purpose of the suit was to recover the rents due for said lands by said tenants, and to enjoin the collection by and the payment to said Emily B. Williams of said rents.

Plaintiff alleged that since the 2d day of July, 1912, it had been owner in fee simple of two certain tracts of land in Colorado county, containing 550 acres, and duly described same; that in December, 1911, plaintiff brought suit against the defendant, Emily B. Williams, in the district court of Harris county, Tex., for the sum of $3,253.46, and did in the same month attach the land situated in Colorado county described in the petition, and that some time in the year 1912, plaintiff proceeded to judgment in said suit, and obtained a judgment and an order of sale and a foreclosure of attachment lien, and had said land advertised for sale at the courthouse door in Colorado county for the 2d day of July, 1912; that on said date the sheriff was proceeding to sell said land, but plaintiff and defendant Emily B. Williams entered into an agreement, by which the defendant Emily B. Williams agreed to convey said land to plaintiff in satisfaction of said debt; that plaintiff did on that day abstain from having the sheriff carry out said sale, and the defendant Emily B. Williams did on that date convey by regular general warranty deed said property to this plaintiff in satisfaction of said judgment; that said deed did not reserve to defendant Emily B. Williams the rents or crop grown on said land, and that at the time said crops were immature, and were not in fact severed from said land, and that said rents were not due at that time, and did not become due until several months thereafter. Plaintiff then sets out that the property had been rented for the season of 1912 to various tenants, setting out the amount rented to each tenant and the terms upon which the same were rented and the amount of rent due from each one, and the amount that had been collected, but it will not be necessary in this appeal to set out these matters in detail.

Plaintiff further alleged that it was entitled to all of these rents by virtue of having taken a conveyance of said land in satisfaction of its judgment and attachment lien. Defendant Emily B. Williams replied by numerous exceptions and demurrers unnecessary to mention here, and that, prior to July 2, 1912, she had assigned said rents to Green & Boyd; that consequently she had severed the same from the title to the land, and that she reserved them in her conveyance to plaintiff, but that after she had conveyed to plaintiff, she repurchased the rent claims for the year 1912, and said that she asserted title thereto at the time of this suit. She prayed judgment against the tenants for the rent in each instance and for $1,000 damages for unlawful issuance of the injunction against her.

The answer of three of the four tenants named in the petition admits that they owed rents for the year 1912 for portions of the land described in plaintiff's petition, stating the amount of said rents, a portion of which they had paid to the defendant Emily B. Williams before the institution of this suit. The balance of the rent admitted to be due by each of said tenants was paid into the registry of the court to abide the result of this suit. Each of said tenants asked that, in event judgment was rendered in favor of plaintiff for the portion of rents paid to defendant Emily B. Williams, he have judgment over against said defendant for said amount.

The record shows that the fourth tenant also answered in the suit, but neither the answer nor its substance is set out in the transcript.

In reply to the answer of defendant Emily B. Williams plaintiff, by its second amended petition, alleged, in substance, that on the 28th day of June, 1912, defendant did execute an instrument in writing, purporting to assign to the said Green & Boyd all the rents due or to become due for the year 1912, and had the same recorded in volume Y, page 340, of the Bond and Mortgage Records of Colorado county. A copy of this assignment was attached as "Exhibit A" to the petition, but plaintiff alleged that this assignment was not made in good faith, was only a pretended conveyance in fraud of her creditors, and that it was understood and agreed that said rents were to be assigned back to the said Emily B. Williams, and in truth and in fact the same were reassigned to the defendant Emily B. Williams, except the sum of $300, which was retained to pay certain attorney's fees that were due to the said Green & Boyd from the said Emily B. Williams. Plaintiff further alleged that the said Emily B. Williams was laying claim to all said rents, and was attempting to collect the same and would collect the same, unless restrained, and plaintiff prayed judgment for injunction restraining said defendant and for judgment against the other defendants for the rents due from said premises.

After hearing the evidence the trial court instructed the jury to return a verdict for defendants, and upon the coming in of such verdict, judgment was rendered in accordance therewith.

The undisputed evidence sustains the allegations of plaintiff's petition as to the purchase of the land by plaintiff from the defendant Emily B. Williams on July 2, 1912. The deed from said defendant to plaintiff conveying the land was a deed of general warranty, and was filed for record in Colorado county on July 2, 1912, the date of its execution.

The contract between each of the defendant tenants and the defendant Emily B. Williams provided that the tenant give as rent one-fourth of the cotton raised on the land planted in cotton by him and pay $4 per acre for the land planted by him in corn. At the time of the sale of the land to plaintiff none of the crops growing thereon had been gathered or had matured. There is no testimony showing any agreement as to the time the rents were to be paid. The cotton was gathered and sold by the defendant tenants after the sale to plaintiff. The evidence shows the amount of the one-fourth of the proceeds of the cotton which was due as rents, and also the amount due by each of said tenants as rent for the corn land.

[1] On June 28, 1912, four days before the defendant Emily B. Williams executed to plaintiff the deed of general warranty conveying the land upon which the defendant tenants were growing crops, she executed an instrument by which, for a recited consideration of $250 "and other valuable considerations," she sold, transferred, and assigned to Sam. L. Green and Whit Boyd, composing the law firm of Green & Boyd, all rents due her or to become due her for the year 1912 on the land before mentioned. The uncontradicted evidence shows that no money or other consideration was paid for this transfer of said rents. At the time said transfer was made Miss Williams was indebted to said firm in the sum of $250 for legal services rendered her, and prior to the retransfer of the rents to her became indebted to the firm for legal services in the further sum of $50. About ten days after she had conveyed the land to plaintiff she called on Green & Boyd for a reassignment of the rents to her. She did not pay or offer any consideration for the reassignment, and Green & Boyd only demanded the payment of the $300 due them as the consideration therefor. Satisfactory arrangements having been made by which they could collect $300 of said rents in payment of the indebtedness due them, they reassigned the rents to her. Mr. Boyd, with whom the transactions in the matter of the assignment and reassignment of the rents were had, testified:

"There was no money paid by Green & Boyd to Miss Williams for this conveyance of rents. She owed us a fee of $300, and we understand we were going to get that out of the rents, these rents, which we did. The intention by us by that conveyance was to get our fee. I don't know what her intention was. Miss Williams was not acting under my advice in making the transfer to us. I was not her attorney in the matter at the time; I don't know that I was. We were her attorneys in a different transaction, in a suit pending in the Eleventh District court, an injunction case, involving property on Dallas avenue. This fee was on account of that suit. It was nothing connected with this matter at all. She owed us $300. I couldn't give the language used by Miss Williams with reference to making the conveyance, but she stated she wanted to transfer the rents on this farm in Colorado county to us. We, at the time, didn't say anything about wanting to get our fee out of it, but when she wanted to transfer it back, we refused to do it except holding out our fee. There was nothing said between us at the time she proposed to make this transfer to us. She did not say anything about our paying her for the transfer. When she came back to have it reconveyed, she asked us to reconvey the rents to her, and we told her we were willing to do so, but we wanted to reserve enough to pay our fee out of the other transaction. She objected to that first; she said we ought to be willing to trust her for it, and we told her it was a matter of business, and refused to transfer it except as stated in the transfer, wherein we reserved the $300 on the rents due from these people."

This instrument transferring the rents to Green & Boyd was filed for record in Colorado county on June 29, 1912, and was recorded on July 4, 1912, in the record of bonds and mortgages of said county.

We think this evidence conclusively shows that the assignment and transfer of the rents, while absolute upon its face, was nothing more than a mortgage. In so far as Miss Williams is concerned, there is no evidence that she intended that the instrument should have any effect. The conclusion is irresistible from the evidence that her purpose in making the assignment was to place the apparent title to the rents in Green & Boyd, in the belief that by so doing said rents would not pass to the purchaser of the land under the foreclosure sale, and that she never in fact intended to part with her title. Green & Boyd, however, accepted the assignment as security for the indebtedness due them, and their right to retain the $300 of said rents collected under the assignment is not questioned by plaintiff on this appeal, and no claim is made against the defendants for said amount.

[2-4] Under appropriate assignments of error the appellant assails the judgment of the court below on the ground that the uncontradicted evidence shows that the title to the rents did not pass by the assignment from Miss Williams to Green & Boyd, and therefore such assignment was not a severance of the rents from the land, and, said rents not being due at the date of the execution of the warranty deed from Miss Williams to plaintiff, the title thereto, subject to the mortgage rights of Green & Boyd, passed to plaintiff by said deed. We think the assignment should be sustained. As we have before said, the undisputed evidence shows that it was not intended by either of the parties to the instrument that the assignment to Green & Boyd should pass the title of the rents, and therefore the instrument cannot be given that effect. The evidence further shows that the cotton rents were not due at the time of the conveyance of the land to plaintiff. There is no evidence that the time for the payment of the rents for the corn land was fixed by agreement of the parties. In the absence of such agreement, it cannot be presumed that said rents became due at the time the rental contract was made. On the contrary, we think it is a matter of such common knowl-

edge that, under the farm tenant system prevailing in this state, when lands are rented by the year for farming purposes the rent is not due until the crops are made and a reasonable time allowed for their harvesting that the courts can take judicial notice of that fact; and, in the absence of evidence that the rental contract provided an earlier payment of the rent, the presumption is that it was not due until the crop was gathered.

It seems to be settled by the decisions of our Supreme Court that rents upon land, whether payable in money or in a portion of the crop raised on the land, which are not due at the time the land is sold, passes to the purchaser of the land, when, as in this case, no reservation of the rents is made in the deed of conveyance. Willis v. Moore, 59 Tex. 628, 46 Am. Rep. 284; Porter v. Sweeney, 61 Tex. 216; Hearne v. Lewis, 78 Tex. 278, 14 S. W. 572.

[5] The suit is not one for damages for fraud or deceit, and appellees' counter proposition, that the trial court properly instructed the jury to return a verdict for the defendants on the ground that no actionable fraud was shown, because no material misrepresentation of fact by Miss Williams which was relied on by the plaintiff is shown by the evidence, presents no defense to the suit. If the rents were not due and Miss Williams had not transferred her claim and title thereto at the time she conveyed the land to plaintiff, such title passed by the conveyance, and plaintiff owns the rents regardless of whether any misrepresentations were made to it by Miss Williams.

The conclusions above expressed require that the judgment of the court below be reversed, and, the amount of rents due by each of the tenant defendants, being shown by the undisputed evidence, judgment will be rendered in favor of appellant against Miss Williams and each of the tenant defendants for the several amounts due by each of said tenant defendants; and it is so ordered.

Reversed and rendered.