EVANS et al. v. FIRST GUARANTY STATE BANK OF SOUTHMAYD. (No. 1195.)

(Court of Civil Appeals of Texas. Amarillo. June 6, 1917.)

1. BILLS AND NOTES ⬅540—INDORSEMENT—LIABILITY OF MAKER AND INDORSER.

Where a tenant executed to his landlord his note in ordinary form reciting that it was a rent note for 100 acres of land for a specified year, and the note was indorsed to a bank by the landlord, and by such bank to plaintiff, plaintiff was entitled to judgment on the note against the tenant and the landlord.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1918–1934.]

2. VENDOR AND PURCHASER ⬅196—SEVERANCE OF RENTS FROM REALTY—RENT NOTE.

Where a tenant gave his landlord a note in ordinary form reciting that it was a rent note for 100 acres of land for a specified year, in the landlord's hands the note was merely evidence of a lease contract, and did not sever the rents from the realty until it passed out of his hands.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 404–406.]

3. DEEDS ⬅194(3)—DELIVERY—PRESUMPTION AS TO DATE.

In the absence of any proof as to when a deed was delivered, there is a presumption that it was delivered on the day of its date.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 578, 634.]

4. VENDOR AND PURCHASER ⬅196—GENERAL WARRANTY DEED—RETENTION OF INTEREST IN RENTS.

A landlord who conveyed the land by general warranty deed, containing no recital reserving the rents, could not retain any interest therein by merely keeping in his possession a rent note executed by his tenant, which was simply an evidence of his lease contract with the tenant.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 404–406.]

5. VENDOR AND PURCHASER ⬅194—SALE OF LAND—RIGHT OF BUYER AND ASSIGNEE OF RENT NOTE.

Crops pass by sale of the land, if they belong to owner at time of sale, and where neither the buyer of land from a landlord nor the buyer's grantee had any notice of execution by the tenant and transfer by the landlord to a bank of a rent note at the date of the purchase, the crops belonged to them as against the bank's assignee.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. § 403.]

Appeal from Grayson County Court; Dayton B. Steed, Judge.

Suit by the First Guaranty State Bank of Southmayd against E. C. Chaney and others,

wherein Mrs. Louise Evans, as administratrix of a deceased defendant and individually, joined by her minor son, Warner Evans, Jr., filed an answer adopting the original answer filed by deceased and another defendant. From a judgment for plaintiff, defendants appeal. Affirmed in part, and reversed and rendered in part.

J. W. Finley, of Sherman, for appellants. Wood, Jones & Hassell, of Sherman, for appellee.

HALL, J. Appellee bank sued E. C. Chaney, C. M. Raysor, Warner Evans, Jr., and Mrs. W. L. Brown, alleging that said Raysor on March 28, 1914, executed his note in the sum of $250, payable October 1, 1914, to the order of Chaney, for rent of 100 acres of land near Southmayd for the year 1914; that said note was sold and transferred to said bank before its maturity for value without notice; that subsequent to the execution of said note Chaney sold the 100 acres of land to Evans and Mrs. Brown. Defendant Chaney filed no answer. Defendant Raysor answered, denying plaintiff's allegations, and alleged that he had leased the land for part of the crops; that on March 28, 1914, he executed the note in suit in lieu of crop rents with the agreement that it should be negotiated in Sherman or Southmayd, and, if not so negotiated, it should be void, and that it was not so negotiated; that it was procured by fraud, of which plaintiff had notice; that he told Evans during the negotiation for the sale of the land that he was to pay part of the crops as rent. Evans and Mrs. Brown answered that in March, 1914, prior to the execution of said note, and prior to the maturing of any crops on the land, they had bargained for the purchase of land on which Raysor resided, all terms having been agreed upon between them and defendant Chaney; that both before and after the execution of said note Chaney and Raysor, with knowledge that these defendants were buying the land, stated to the said Evans that the land was leased for part of the crops; that they purchased the land upon the express agreement that they should have the rents due for the year 1914; that the rents were understood to be part of the consideration; and that they had no notice that any such note as the one in suit had ever been executed. The amended petition alleged that Warner Evans had died pending the suit and left as his only heirs his widow, Louise Evans, and their minor son, Warner Evans, Jr. Mrs. Evans, as administratrix and individually, joined by her minor son, filed an answer adopting the original answer, which had been filed by Warner Evans and Mrs. Brown. Plaintiff filed a supplemental petition, denying notice of the rights of Evans and Brown or of their terms of purchase, alleging purchase of the

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

note before its maturity for value without notice. A trial before the court resulted in a judgment for plaintiff bank against Raysor and Chaney for the full amount of the note, and against appellants Louise Evans individually and as administratrix, Warner Evans, Jr., and Mrs. W. L. Brown. The judgment was also against J. F. Evans and E. C. Hunter under said guaranty agreement which it is not necessary to mention further in the disposition of the case.

The court filed findings of fact and conclusions of law. The material facts found are that on March 28, 1914, Raysor executed to Chaney his note for $250 in ordinary form, containing this recital, "Rent note for one hundred acres of land for year 1914;" that said note was indorsed to the Cumby State Bank by E. C. Chaney and by the Cumby State Bank to appellee bank; that after the execution of said note Evans and Chaney consummated the trade for the 100 acres of land, and that Chaney executed a deed conveying the same to the said Evans, said deed bearing date April 2, 1914, the certificate of acknowledgment bearing date April 28, 1914, and that the instrument was filed for record with the county clerk of Grayson county May 8, 1914; that subsequently Evans conveyed a half interest in the land to Mrs. Brown; that on April 25, 1914, Chaney assigned the note as collateral security to the Cumby State Bank, and afterwards, on May 5, 1914, the note was sold by Chaney to said bank, and on the same day assigned without recourse to the appellee bank; that it was agreed that Evans and Mrs. Brown should have the rents of the 100 acres of land for the year 1914, which Chaney represented to be a third and fourth of the crops, and that Evans and Mrs. Brown collected as rents, which, together with the interest thereon, amounted to $194.97; that after the filing of the suit and before the trial Evans died, and left surviving him his wife, Louise, and their minor son, Warner, Jr.; that Mrs. Evans is the duly appointed and qualified administratrix of the estate, and that no guardian for the minor has been appointed; that no citation was ever issued for either of them, but they voluntarily entered their appearance.

[1] The court concludes as a matter of law that plaintiff is entitled to a judgment against defendants E. C. Chaney and C. M. Raysor for the amount of the note, principal and interest, and we concur in this conclusion. The court further concludes that plaintiff was entitled to a judgment against Mrs. Evans individually and as administratrix and against Warner Evans, and against J.

F. Evans and E. C. Hunter, upon a guaranty agreement for the sum of $194.79. We think in this conclusion the court erred.

[2] The contention of the appellee is that the execution of the note secured by said rents severs the rents from the realty, and that the assignment of said note to appellee bank before its maturity entitled the bank to recover against the vendees of Chaney. This depends upon the effect to be given to the conveyance from Chaney to Evans. While the record shows that the rent note is dated March 28th, it was not assigned by Chaney until April 28th. In his hands it was simply evidence of a lease contract, and it did not have the effect of severing the rents from the realty until it passed out of his hands.

[3, 4] The deed from Chaney conveying the land to Evans is dated April 2, 1914, and while it was not acknowledged until April 28, 1914, and filed for record until May 8th thereafter, in the absence of any proof as to when the deed was delivered, the presumption obtains that it was delivered on the day of its date, viz. April 2d. Kirby v. Cartwright, 48 Tex. Civ. App. 8, 106 S. W. 742; Beall v. Chatham, 117 S. W. 492. Presuming that Chaney conveyed all interest in the land on April 2d, such conveyance also disposed of the rents. He could not, by a general warranty deed containing no recital reserving the rents, retain any interest therein by merely keeping in his possession a rent note which was simply an evidence of his lease contract with Raysor.

[5] The general rule is that crops pass by the sale of the land if they belong to the owner of the land at the time of the sale. Jones v. Laturnus, 40 S. W. 1010; Security M. & T. Co. v. Gill, 8 Tex. Civ. App. 358, 27 S. W. 835; Hearne v. Lewis, 78 Tex. 276, 14 S. W. 572. Neither Evans nor Brown had any notice of the execution and transfer of the rent note at the date of their purchase, and no reason is shown why the general rule above announced should not govern this case. We therefore affirm the judgment except in so far as a recovery is decreed against Mrs. Louise Evans, Warner Evans, Jr., Mrs. W. L. Brown, J. F. Evans, and E. C. Hunter, and in so far as the court adjudged costs against these parties. In this particular the judgment is rendered in favor of Mrs. Louise Evans, Warner Evans, Jr., Mrs. W. L. Brown, J. F. Evans, and E. C. Hunter that they go hence without day, and that they recover of the appellee bank all costs.

Affirmed in part, and reversed and rendered in part.