HOLLOMAN v. BISHOP et al. (No. 1220.)

(Court of Civil Appeals of Texas. Amarillo. Oct. 10, 1917.)

1. CROPS ⬧5 — GROWING CROPS — SALE OF LAND—EFFECT.

As a rule, growing crops are part of the soil, and pass with the land.

2. VENDOR AND PURCHASER ⬧194—RIGHTS—GROWING CROPS.

Where the vendor instructed his agents to sell, but said nothing of reserving the crops, and the agents sold, telling the purchasers that nothing had been said, and the crops would go to them, the crops, unsevered at the time the sale was consummated, passed to the purchasers.

Appeal from Armstrong County Court; H. L. Mobely, Judge.

Conversion by Ira J. Holloman against F. N. Bishop and another. Judgment for defendants, and plaintiff appeals. Affirmed.

W. A. Wilson, of Claude, for appellant. J. S. Stallings, of Claude, and L. C. Barrett, of Amarillo, for appellees.

HUFF, C. J. The appellant Holloman sued the appellees Bishop for the conversion of 142 bushels of wheat, the suit having been brought in the county court of Armstrong county and upon trial before the court without a jury judgment was given for appellees, defendants therein.

The appellant owned a section of land in Armstrong county, and authorized Moore & Moore as his agents to sell the land. The authority given was by letters and telegrams, in which nothing was said about selling the growing crop or reserving it in the sale. The agents, on the 3d day of July, entered into a written contract of sale with the appellees, whereby the appellant agreed to execute a deed thereto in 30 days. This contract we interpret as the sale of the land as of that date. The wheat at the time of the contract was growing or standing on the land. It had been grown by the tenant of appellant, and the 142 bushels of wheat was the rent due from the tenant on the land. At the time of making the trade with the agents the appellees asked them if the crops on the land went with the land or in the trade. The agents testified they told the appellees that nothing was said by Holloman about reserving the rents, and that as a matter of law it would pass. One of the appellees testified that he asked the agents if the crop went with the land, and the agents said it did. The other appellee stated that the agents told them that they would get the crops, "as it was part of the sovereignty of the soil." After the wheat was threshed, but before the deed was delivered, appellant directed the tenant to sell his part of the crop. The tenant notified him by letter that appellees were claiming the wheat, as did also the agents. The appellant then wired the bank not to deliver the deed to appellees, but it appears from the record the bank had done so before receiving the wire. The appellees, in the meantime, took the wheat and sold it, and this suit was instituted to recover its value.

[1, 2] The trial court evidently found the agent sold the wheat to appellees in the trade. The facts in the record will authorize such finding. The appellant said nothing to the agents about reserving the crop. As a rule, growing crops are part of the soil, and pass with the land. The crops in this case had not been severed at the time of the sale either actually or in law. It is said in Willis v. Moore, 59 Tex. 628, 46 Am. Rep. 284:

"The weight of authority, however, is to the effect that such crops pass by sale of the land if they belong to the owner of the land at the time of the sale." Evans v. Guaranty State Bank, 195 S. W. 1171; Farthing v. Williams, 194 S. W. 453.

There was no reservation made of the growing crop in the contract or deed. The appellees dealt with the agents who assured them they would get the crop, and this evidently was an inducement to the trade. As we understand and read the contract, the sale was made when the contract was executed and part of the purchase price paid, and entitled appellees to the land and the growing crops thereon. Armstrong v. Gifford, 196 S. W. 723.

We believe the judgment should be affirmed.