**KOETHE et al. v. HUGGINS. (No. 2463.)**

(Court of Civil Appeals of Texas. Amarillo. April 8, 1925.)

1. **Limitation of actions ⬤➡84(2)—Each departure from state may be considered in determining the whole time of absence.**

In computing the time to be deducted from the period of limitations because of absence from state, each departure from state may be considered, and, when so determined, whole time of absence should be deducted from the period of limitations.

2. **Depositions ⬤➡90—Ex parte deposition may be introduced in evidence, although deponent is present in court.**

Ex parte deposition of adverse party can be introduced in evidence, notwithstanding deponent is present in court; it not being required of party that he place deponent on stand and assume the burden of impeaching his testimony in event that it does not coincide with deposition.

3. **Appeal and error ⬤➡1056(1)—Exclusion of ex parte deposition containing evidence preventing running of limitations held prejudicial.**

The exclusion of defendant's ex parte deposition, offered by plaintiff in an action on a

note, containing evidence tending to show that defendant was absent from the state a sufficient period of time to prevent the running of limitations, was prejudicial, where jury found that action was barred.

Appeal from District Court, Clay County; Paul Donald, Judge.

Suit by Chas. L. Koethe and another against J. L. Huggins. From judgment for defendant, plaintiffs appeal. Reversed and remanded.

Taylor, Muse & Taylor, of Wichita Falls, and W. G. Eustis, of Henrietta, for appellants.

Wantland & Glasgow, of Henrietta, and J. S. Dickey, of Wichita Falls, for appellee.

JACKSON, J. This suit was instituted by appellants, Chas. L. Koethe and R. H. Wyatt, in the district court of Clay county, Tex., against J. L. Huggins, appellee, upon a promissory note for the sum of $2,500 executed by appellee and payable to Chas. M. Watson, president, on demand after operations for oil on appellee's land had been commenced.

Appellants alleged that they had acquired the note by assignment for a valuable consideration, and were the legal owners and holders thereof, and that operations for oil on the land of appellee was begun on or about September 25, 1919, and that payment of the note was demanded about February 19, 1920.

Appellee answered by general demurrer, special exceptions, general denial, and pleaded specially that the note was barred by the statute of limitations; it being dated October 10, 1918, and the suit filed September 24, 1923, and operations for drilling the well on the land of appellee having begun in March, 1919, the derrick erected in August, and the well spudded in in September of that year.

Appellants, by supplemental petition, denied appellee's plea of four years' limitations, and, to defeat the same, alleged that appellee was absent from the state of Texas for five or six months between February, 1919, and March, 1923.

The court submitted the case on special issues, in response to which the jury found that operations for drilling the well began May 22, 1919, and the appellee was absent from the state between May 22, 1919, and September 24, 1923, 112 days.

Upon these findings, judgment was rendered for appellee.

Appellants, by proper assignment, urge as error the action of the trial court in excluding the testimony of appellee given in an ex parte deposition, on the objection that appellee was present and in attendance on court, for which reason the deposition testimony was not admissible.

The testimony of appellee, as given in his ex parte deposition, is such that a jury could have found therefrom that appellee was absent from the state between May 22, 1919, and September 24, 1923, a sufficient length of time to have prevented the running of the four years' statute of limitations.

[1] The law is settled that the time of each departure from the state may be considered in determining the whole time of the absence, and when so determined, should be deducted from the period of limitation, and if, after so doing, limitation has not run, the debt is not barred. Fisher v. Phelps, 21 Tex. 551; Phillips v. Holman, 26 Tex. 276; Folwell v. Henning et al., 78 Tex. 278, 14 S. W. 613; Sweeten et al. v. Taylor et al. (Tex. Civ. App.) 184 S. W. 693.

The record discloses that appellant offered the testimony of appellee given in his ex parte deposition, which was excluded because of the presence of appellee in the courtroom, after which appellant called appellee as a witness, and his testimony as to the time he was out of the state differed materially from the testimony given in the ex parte deposition.

[2] Appellant had the right to offer the evidence of appellee as given in the ex parte deposition without being required, because of appellee's presence in court, to place him on the stand and thereafter assume the burden of attempting to impeach the testimony of appellee in the event it did not coincide with the evidence given in the ex parte deposition.

If appellee desired to explain or modify his testimony, he could have gone on the stand after the evidence given in the depositions had been heard and made such explanation as the facts warranted.

[3] It is settled by the decisions of this state that the presence and attendance of a witness in court is not sufficient to exclude evidence given in a deposition by such witness. There was no objection to the form of the deposition, but the record discloses that it was excluded solely because the witness was present in court, and while the admission of such testimony is within the discretion of the trial court, we are of the opinion that the discretion exercised in this case probably resulted in injury to appellant. Schmick v. Noel, 64 Tex. 406; O'Conner v. Andrews, 81 Tex. 29, 16 S. W. 628; Cook et al. v. Denike et al. (Tex. Civ. App.) 216 S. W. 437, and authorities cited.

For the error of the court in excluding the evidence given by appellee in his ex parte depositions, the judgment is reversed and the cause remanded.