### RIVES v. JAMES. (No. 7921.)

Court of Civil Appeals of Texas. San Antonio. Feb. 8, 1928.

Rehearing Denied March 14, 1928.

**1. Covenants ⬦47—Deeds ⬦120—General warranty clause covenants that estate has not previously been conveyed and is free from incumbrances, and deed containing it passes fee simple, rentals, and possession.**

Deed with general warranty clause passes all and singular rights and appurtenances thereto in any wise belonging, covenanting that grantor has not conveyed same estate or any right, title, or interest therein to any person other than grantee, and that it is free from incumbrances, and in effect passes not only ultimate fee-simple title, but rentals with possession of land itself.

**2. Deeds ⬦54—Legal title does not pass to purchaser until actual delivery of deed.**

By weight of authority, legal title does not pass to purchaser under contract of sale until actual delivery of deed.

**3. Vendor and purchaser ⬦54—Purchaser going into possession under contract of sale is invested with equitable title from date of contract or from taking possession.**

By weight of authority, although purchaser under contract of sale does not get legal title until delivery of deed, where he goes into possession he is invested with equitable title from date of contract or in any event from date of taking possession.

**4. Vendor and purchaser ⬦202—Purchaser of land going into possession under contract of sale gets any increment and must bear any depreciation or loss.**

By weight of authority although purchaser under contract of sale does not acquire title until delivery of deed, where he goes into possession he is invested with equitable title from date of contract, or, in any event, from taking possession, and any increment, advantage, or enhancement to property inures to his benefit and any detriment, depreciation, or loss thereto without fault of either party must be borne by him.

**5. Vendor and purchaser ⬦194, 196—Purchaser going into possession held entitled to crop grown on land from date of contracts of purchase and all lease or rental money not reserved in contract of sale and conveyances.**

Purchaser of land, under written contracts dated, respectively, August 18 and August 31, where deeds were executed August 25 and 31, *held* entitled to all crops grown on land from date of contract of purchase and to all lease or rental money falling due thereafter not reserved in contracts of sale and conveyances, although deeds were delivered subsequent to due date of money under lease.

**6. Landlord and tenant ⬦202(3), 205—Rent payable in advance is due only when payable and does not carry to assignee any rights thereto.**

Rental payable in advance is considered due only when it becomes payable and does not carry to assignee any rights thereto.

**7. Vendor and purchaser ⬦196—Grantee of reversion in fee is entitled to subsequently accruing rentals unless reserved.**

In conveyance of reversion in fee, grantee is entitled to subsequently accruing rentals unless reserved.

**8. Landlord and tenant ⬦204—Owner of fee when rent becomes due is entitled thereto.**

Owner of fee at time rent becomes due is entitled thereto.

**9. Vendor and purchaser ⬦196—Awarding lease money falling due after execution of contract of sale to purchaser of land held not to vary or change written contract.**

Purchaser executing contracts to purchase land before due date of lease money was entitled thereto, although deeds were delivered subsequently to such due date, and such decision does not in effect vary or change written contracts which did not mention disposition of lease money, by parol agreement.

---

⬦For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

10. Vendor and purchaser ⊛196—Vendor collecting lease money falling due after execution of contracts of sale held liable to purchaser therefor.

Where vendor executed contracts to sell land and subsequently thereto collected lease money falling due subsequent to execution of such contract, he was liable to purchaser therefor, although latter received delivery of deeds after due date of lease money.

Appeal from District Court, Hidalgo County; J. E. Leslie, Judge.

Action by Guy R. James against Thomas F. Rives. From a judgment for plaintiff, defendant appeals. Affirmed.

Thompson & McWhorter, of Weslaco, for appellant.

M. L. Dew, of Weslaco, and Neal A. Brown, of Edinburg, for appellee.

COBBS, J. Appellee sued appellant to recover the sum of $900, being the amount of lease money delivered to appellant, and alleged to be wrongfully withheld from appellee and converted to appellant's own use and benefit. The case was tried by the court without a jury, and judgment was rendered for said amount against appellant. The court properly overruled all exceptions urged by appellant.

The trial court's findings of fact are substantially as follows:

"That appellant employed P. P. Doss as his agent to sell said land; that subsequently P. P. Doss, as agent for appellant, negotiated a sale of same to appellee; that on August 18, 1926, appellant and appellee signed written contracts, by the terms of which appellant agreed to convey to appellee farm tract No. 790, for $7,600, and on August 31, 1926, contracts, by the terms of which appellee agreed to purchase from appellant farm tract No. 727, for $9,552.50; that each said contracts were duly signed by appellant; that said P. P. Doss, while acting as agent for appellant in negotiating the sale of said land to appellee that said land was then under lease to Vahlsing & Clark, Inc., and that said farm tract No. 790 would earn $800 for said lease, and farm tract No. 727 would earn $1,000 for said lease, $400 said lease money being due and payable on farm tract No. 790 September 1, 1926, and $500 due and payable on farm tract No. 727 September 1, 1926, and that appellee would receive said lease money; that by three deeds, two of which were dated August 31, 1926, and one dated August 25, 1926, appellant conveyed or caused to be conveyed said land to appellee, but that said deeds were not delivered until subsequently, to wit, about November 8, 1926, and that lease contracts were also assigned and transferred to appellant on said date, but that no mention was made in said deeds of conveyance or the transfer of said leases that any amount of the rents had been collected by appellant or reserved by him, and that appellee did not know that appellant had collected the amount of money coming due on September 1, 1926, under each of said leases."

The trial court's conclusions of law were substantially as follows:

"That P. P. Doss was acting as agent for appellant in the sale of said land to appellee and appellant was bound by all the representations made by P. P. Doss, and appellant, having sold said land through his said agent and having made no reservations in said deeds or the assignments of leases as to any rental due thereunder, that, in fact, as a matter of law he had no right to collect said amounts becoming due under said leases of date September 1, 1926, and to withhold same from appellee, and that appellant is liable to appellee in the sum of $900 collected under said leases."

Since we have concluded that the judgment of the trial court shall be affirmed, we will not pass upon the objections urged to appellant's brief.

[1] A deed with a general warranty clause passes not only the ultimate fee-simple title to the lands conveyed, but likewise the rentals with possession of the land itself. Such a deed passes "all and singular the rights and appurtenances thereto in any wise belonging" and that the grantor had "not conveyed the same estate or any right, title, or interest therein to any person other than the grantee" and "free from incumbrances."

[2-4] By the great weight of authority it is now held that, although the legal title does not pass to the vendee under a contract of sale until actual delivery of a deed to the property, still the vendee under such contract of purchase, especially where he goes into possession of the property, is invested with the equitable title from the date of the contract, or in any event, from the date he takes possession, and any increment, advantage, or enhancement to the property inures to his benefit, and any detriment, depreciation, or loss thereto without fault of either party must be borne by him. A long list of authorities supporting this view is given in a note to Sewell v. Underhill (New York Court of Appeals) 27 L. R. A. (N. S.) 233.

The deeds were not delivered until November 8, 1926, when they took effect. The lease contracts were also assigned and transferred to appellee on said date, but no reservation of the rents was made therein, nor had the appellee at the time any knowledge that appellant had collected the amount of money due on September, 1926, under each of said leases.

[5] Since the written contracts of sale were, respectively, of August 18 and August 31, 1926, and the rentals on the lease contracts were payable one half on said date and the other half on March 1, 1927, and deeds executed August 25 and August 31, 1926, the appellee was entitled to all crops grown on said land from the date of his contract of purchase and to all lease or rental money, unless the same had been re-

served in the contracts of sale and conveyances.

[6-8] Rent payable in advance is considered due only when it becomes payable and does not carry to the assignee any rights thereto. 36 C. J. 366. In a conveyance of the reversion in fee, the grantee is entitled to the subsequently accruing rentals unless reserved. Walker v. Ames (Tex. Civ. App.) 229 S. W. 365. The owner of the fee at the time the rent becomes due is entitled thereto. Hearne v. Lewis, 78 Tex. 276, 14 S. W. 572. It is said in 16 R. C. L. 915, § 422:

"A transfer of the reversion does not carry with it any rights to the accrued rents; and after such a transfer the landlord may still recover all rents theretofore accrued."

In the case of Roberts et al. v. Armstrong (Tex. Com. App.) 231 S. W. 371, the court, considering whether or not an optionee was entitled to rents prior to the time when he became entitled to the conveyance of the land, said:

"We have found no cases directly in point with reference to the rights of the holder of an option contract, but we are of the opinion that such holder can occupy no better position than the holder of a mortgage duly recorded prior to the contract of tenancy and prior to the planting of the crop. In case of a mortgage the owner of the land remains such until his title is defeated at foreclosure sale, and in the case of an option he remains the owner until the holder of the option tenders full compliance with its terms and becomes entitled to receive a conveyance in accordance therewith. In either case the owner is entitled to the rents and crops until his title is actually defeated."

It is alleged appellant appropriated $900 of money belonging to the plaintiff by virtue of an alleged agreement made prior to or contemporaneous with the contracts of sale in question, whereby it was agreed that the plaintiff, as a part consideration for said contracts, was to receive said sum of $900, proceeds of two certain leases held by the defendant on the land contracted to be conveyed to the plaintiff by the defendant. This agreement was wholly verbal, there being no provision in the written contracts concerning it. The suit, then, depends upon this verbal agreement. The petition contains no allegation to the effect that this verbal agreement was omitted from said contracts because of fraud, accident, or mistake.

[9] This was a contemporaneous oral agreement, not expressed in any written instrument, or reserved in the conveyances to the land. As to the disposition of the lease money or rents, it was not required to be expressed in the conveyances, but was a part of the consideration for the sale, which explanation violated no rule of law and is in no sense an attempt to vary or change any written contract which could be explained only where the petition contains allegations to the effect that this verbal agreement was omitted from the instruments because of fraud, accident, or mistake.

The several contracts for the lease of the lands were in writing and appellant stated he turned these over to appellee on November 8, 1926. The entire rent was $1,800, but at that time appellant had collected $900 thereof, but no lease money was due until September 1, 1926, according to the contract.

Mr. Rives, the appellant, further testified:

"I had not contracted the sale of the land to Guy R. James when I collected the money and made the lease contract. I contracted the sale of the land to Guy R. James the first week in September. I talked to Mr. Doss about turning over the lease contracts to the purchaser, and told him I would do that. I did not tell the purchaser that the lease contracts went with the land; I had no conversation with him, but I told Mr. Doss that I would turn over the lease contracts with the land. Yes, sir; I did turn over the lease contracts and kept the money, the first $900. The reason I didn't collect the other $900 was because I delivered the deeds in October, and my agreement was that purchaser was to have the last one-half of the money, the $900 due in March. I had that agreement with P. P. Doss, when I made the agreement to sell him the land. No, sir; Mr. Doss was not my agent. I sold the land to Mr. Doss. Yes; I paid Mr. Doss a commission for selling the land. I had no contract with Mr. Doss. I told him I would sell him the land. He bought it. I made the contract with Mr. James. No; I didn't pay Mr. Doss a commission for buying it himself; I paid him a commission when the deal was settled. Yes; I guess I paid a commission for selling it. Yes, sir; he sold the land. . I told Mr. Doss that I would turn over the lease contract with the land. Yes; I collected the lease money for the first six months, from the 1st day of September, 1926, to the 1st day of March, 1927."

The court found:

"Thomas F. Rives conveyed or caused to be conveyed said above-described premises to the plaintiff herein, but that said deeds were not delivered until some time subsequent to that date, but were in fact delivered to plaintiff herein somewhere along about November 8, 1926, and that said lease contracts were also assigned and transferred to plaintiff on said date, and that no mention was made in said deeds of conveyances or the transfer of said leases that any amount of the rents had been collected by the defendant or had been reserved by said defendant, and that plaintiff in fact at the time said leases were transferred and delivered to him did not know that defendant had collected the amount of money becoming due on the 1st day of September, 1926, under each of the said leases."

[10] On the facts found the trial court correctly concluded that Doss was acting as defendant's agent, and, no reservation having been made in the deeds or transfer of the leases as to any rentals, appellant had no right to collect and convert to his own use any amount becoming due under the leases of date September, 1926, and he is liable for the

amount collected, $900, which he refuses to pay.

There is no merit in the contention that Mrs. Rives was entitled to any of the money sued for.

We have considered this case on its merits, notwithstanding the complaint of appellee as to the alleged violation by appellant of the rules as to correct briefing.

We overrule all the assignments and propositions presented as being without merit, and the judgment of the trial court is affirmed.