Gault v. Hurd.

---

No. 21,325.

ERNEST GAULT, *Appellee*, v. BIDE HURD, *Appellant*.

SYLLABUS BY THE COURT.

SALE OF LAND—*Conveyance in September—Liability for Taxes of Current Year*. Where a contract for the sale of a farm was made on September 23, 1913, whereby the purchaser paid $1,000 thereon and was immediately let into possession for the purpose of sowing wheat, and the vendor at the same time executed a deed to the farm in favor of the purchaser, which deed was by agreement deposited with a bank for delivery to the purchaser on the payment of the balance of the purchase price, which sum was to be paid on the first day of the following March, and where the contract was complied with in every respect by both vendor and purchaser, but no express agreement had been made between them as to which should pay the taxes due in November, 1913, the purchaser is liable for such taxes under section 11349 of the General Statutes of 1915.

Appeal from Jackson district court; OSCAR RAINES, judge. Opinion filed May 11, 1918. Reversed.

*John D. Myers*, of Kansas City, Mo., for the appellant.

*Guy L. Hursh*, and *E. R. Sloan*, both of Holton, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This case presents the question whether the grantor or grantee of a tract of land should pay the taxes thereon.

On September 23, 1913, the plaintiff made a contract with the defendants for the purchase of a farm. By its terms the plaintiff was to pay $1,000 in cash and was to be let into possession for the purpose of sowing fall wheat, and was to pay the balance of the purchase price, $11,000, at the State Bank of Holton, on March 1, 1914. The defendant was to execute a warranty deed with the usual covenants conveying the property to plaintiff, which deed at the time of making the contract was to be deposited with the Holton bank until March 1, 1914, when, upon final payment, the deed was to be surrendered to the purchaser.

Both parties fully and promptly complied with all the provisions of their contract, but no express agreement or mention was made of the taxes which matured against the land on November 1, 1913. The plaintiff grantee had to pay the taxes; and, having paid them, he brought this action to recover the amount so paid. He prevailed, and the defendant says that this judgment was wrong.

The pertinent statute reads:

"As between grantor and grantee of any land, where there is no express agreement as to which shall pay the taxes that may be assessed thereon, if such land is conveyed between the first day of March and the first day of November, then the grantee shall pay the same, but if conveyed between the first day of November and the first day of March, then the grantor shall pay them." (Gen. Stat. 1915, § 11349.)

When the plaintiff closed the bargain in September for the purchase of the farm, and paid the agreed sum then due, and took possession for the purpose of sowing wheat pursuant to his bargain, he became the grantee and equitable owner of the property. The fact that the deed was deposited with the bank to await the final payment for the land before it should be delivered to him is not a controlling circumstance, nor does it alter plaintiff's status as grantee under the provisions of the statute imposing liability on him for the payment of the taxes maturing after he purchased the property. The situation pre-

sented is precisely of the sort which the statute was designed to cover. The bank was the agent of both parties. (*Davis v. Clark,* 58 Kan. 100, syl. ¶ 2, 48 Pac. 563.) When the deed was delivered to the bank on September 23, 1913, there was in legal effect a delivery of it to the grantee, subject only to the subsequent condition of final payment on the first day of the following March. In *Davis v. Clark,* supra, it was said:

"We do not understand that a manual delivery of an escrow is necessary to invest the obligee with title to it, or to pass to him the subject of the grant. Our own decisions are to the contrary, and likewise, we think, are those of all the courts.

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

"The delivery, therefore, is constructively made the moment the conditions are performed. The second delivery, whether actual or constructive, operates retroactively, and, by relation back to the first delivery, is substituted to it in time and effect." [Citing authorities.] (p. 106.)

(See, also, discussion in *Scott v. Stone,* 72 Kan. 545, 548, 84 Pac. 117, and in *Nolan v. Otney,* 75 Kan. 311, at pages 317, 318, 89 Pac. 690.)

It seems clear that the purchase of this farm was effected on September 23, 1913, and, since there was no express agreement between the grantor and grantee as to which should pay the taxes falling due the following November, the plaintiff was liable therefor. This necessitates a reversal of the judgment, and it is so ordered.