Ernest B. PEAVEY and Vera Peavey, Plaintiffs,

v.

UNITED STATES of America, Defendant.

No. W-2404.

United States District Court D. Kansas.

Jan. 16, 1963.

Marvin J. Martin, of Martin & McFerson, Wichita, Kan., for plaintiffs.

William A. Miner, Dept. of Justice, for the Government.

TEMPLAR, District Judge.

This action was instituted by plaintiffs Peavey, husband and wife, to recover what they contend was an erroneous and illegal additional assessment of income taxes under their joint return filed with the Collector of Internal Revenue for the year 1957.

The following stipulations were entered into by the parties:

(a) On October 8, 1956, Yoder and Peavey executed a new agreement for sale of the Top Hat Motel to Peavey for the sum of $79,500 (Exhibit 1).

(b) On October 8, 1956, Peavey requested electric utility service to be furnished to the Top Hat Motel property and executed an agreement to pay for the same (Exhibit 2). Plaintiffs took actual possession of this property on that date and, thereafter, operated and improved the same. Peavey delivered earnest money deposit in the amount of $1,000 to Yoder on October 9, 1956 (Exhibit 3).

(c) On October 10, 1956, the $1,000 earnest money deposit was returned to Peavey and a total of $18,000 was paid by Peavey to and for the benefit of Yoder (Exhibits 4 through 23).

(d) On January 17, 1957, final payment was made by Peavey to Yoder, including taxes from October 8, 1956, and a closing statement of the entire transaction signed by both parties at that time (Exhibit 24). A Deed to the property was also delivered to Plaintiffs at the time of closing (Exhibit 25).

(e) On April 10, 1957, Plaintiffs executed an agreement to sell the Top Hat Motel to N. L. and Kennette Shuey (Exhibit 26). They received payment and delivered a Deed to the property to Shueys at that time, and the holding period thereby ended on April 10, 1957.

(f) On or about April 15, 1958, Plaintiffs filed their income tax return with Defendant (Exhibit 27). An additional assessment in the amount of $5,171.80, plus interest, was assessed and, after protest by Plaintiffs was denied, payment of this assessment plus interest in the amount of $626.-56 was paid by Plaintiffs to Defendant on April 29, 1960 (Exhibit 28). A claim for refund of this assessment was filed by Plaintiffs with Defendant on August 9, 1960 (Exhibit 29). This claim was not allowed and after waiting over six months as required by law, the instant suit for recovery was filed.

(g) No claim is made herein for the portion of the assessment relating to the difference in value of property. Plaintiffs, if entitled to Judgment, shall receive Judgment for that portion of the deficiency and assessed interest thereon in the approximate amount of $3,000 attributable to the question of long term capital gain, which amount shall be computed by the parties, plus statutory interest in the amount of 6% per annum from date of payment by Plaintiffs.

The following Supplemental Stipulation was likewise agreed upon and filed:

Plaintiffs made capital expenditures in the amount of $6,892.19 in improving the Top Hat Motel between October 10, 1956, and April 10, 1957. By reason thereof, in the event judgment is rendered for plaintiffs herein, such judgment shall be computed as set forth in paragraph 3(g) of the Pre-Trial, Stipulation and Order dated November 13, 1962, less 8 percent.

In the Pre-trial order, prepared by counsel for the parties and approved by the Court, the issues in controversy were defined as:

(a) When did title pass from Yoder to Peavey? and

(b) When did Peavey's holding period begin?

It appears from the record in the case that Yoder was in the process of constructing a motel property near Wichita. It had not been completed. On October 8, 1956, he entered into a written contract to sell the unfinished motel property to plaintiffs. Under the provisions of the contract, plaintiffs were unconditionally bound to purchase the property for $79,-500.00. $1,000.00 of the purchase price was paid on October 9, 1956. Plaintiffs actually took possession on October 8, 1956 and immediately commenced to operate, improve and complete construction of the property. On the same day plaintiffs applied for and made required arrangements to obtain electric utility service for the premises. Taxes were prorated between Yoder and plaintiffs as of October 8, 1956 under terms of the sale contract. The sale contract provided that plaintiffs were to have possession on October 10, 1956, but by mutual assent, plaintiffs actually took possession October 8, 1956.

On January 17, 1957, plaintiffs having made final payment of the purchase price, including payment of taxes as prorated

from date of October 8, 1956, a deed was delivered to plaintiffs. Plaintiffs thereafter on April 10, 1957 entered into a contract to sell the property to one Shuey and his wife, for $97,500.00, and on the same date executed and delivered a deed for the property to the Shueys.

The plaintiffs contend that the property in question was held by them for a period in excess of six months, beginning October 8, 1956 and ending April 10, 1957, while the government claims the holding period did not begin until January 17, 1957, the date on which plaintiffs received the deed. If plaintiffs are correct, they are entitled to recover; if the holding period began on any date after October 10, 1956, then the government will prevail.

Plaintiffs claimed under Schedule D of their 1957 income tax return that the gain realized on the property was an asset held for more than six months and computed their tax on this item accordingly. The government claimed otherwise and made an additional assessment of $5,171.80 which, with interest in the amount of $626.56 was paid by plaintiffs on April 29, 1960.

Proper statutory steps were taken by plaintiffs to obtain refund of this amount, and this present case was appropriately commenced within proper time and the Court has jurisdiction of the action.

The point on which the case must be decided turns on the determination of the date upon which plaintiffs' holding period began.

It appears without contradiction that plaintiffs executed an irrevocable contract of purchase for the property involved on October 8, 1956. Earnest money was paid on October 9, 1956. Plaintiffs were obligated and bound to pay the balance due under the contract. They did so. They took possession on October 8, 1956 with the apparent consent of the vendors. Plaintiffs commenced at once to exercise all the incidents of ownership in the property and paid taxes on it from the date of October 8, 1956.

■■ It is the Court's view that the holding period of plaintiffs commenced when, under the laws of Kansas, they became the owners of the property. It seems clear that the Kansas Supreme Court has determined that title passes to property when a binding, irrevocable agreement is signed for its purchase by the vendor and vendee.[1] The contract in this case was binding and irrevocable. The parties to the agreement so considered it. The plaintiffs therefore became the owners of this property on October 8, 1956 when the binding contract for its purchase was executed, and plaintiffs incurred the obligation to pay for it; plaintiffs paid taxes beginning October 8, 1956 and took possession October 8, 1956. Plaintiffs incurred expenses of operating the property October 8. Plaintiffs were required under contract to provide insurance on the property acquired, presumably from October 8 since no other date is specified. All these additional facts support the plaintiffs' position that their holding period of the property in question commenced on October 8, 1956 and ended on April 10, 1957, the date it was sold by plaintiffs to the Shueys.[2]

The judgment will therefore be for plaintiffs and the Court directs that the parties compute the amount due plaintiffs from the facts stipulated to by them and that plaintiffs' counsel prepare appropriate form of judgment to be approved by counsel and submitted to the Court.

1. Gault v. Hurd, 103 Kan. 51, 172 P. 1011; Jones v. Hollister, 51 Kan. 310, 32 P. 1115; and Torluemke v. Abernathey, 174 Kan. 668, 258 P.2d 282.

2. Under applicable regulations, October 8, 1956 is excluded and April 10, 1957 is included in determining the length of the holding period. See IT 3985, CB 1949-2, p. 51 and Mertens, Law of Federal Income Taxation, Vol. 3B, § 22, 104 p. 438.